BRUCE C. PIONTKOWSKI (SBN 152202)
INSIGHT LAW PARTNERS LLP
1024 Iron Point Road
Folsom, CA 95630

(916) 357-6526
bpiontkowski@insightlawpartners.com

Attorneys for Plaintiffs
NEW DIRECTIONS PROGRAM
DAVID GUST

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW DIRECTIONS PROGRAM and DAVID GUST,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA HEALTH AND WELLNESS CENTERS LLC,; SIERRA HEALTH AND WELLNESS GROUP LLC; RECOVERY HAPPENS COUNSELING SERVICES INC.; ANGELA CHANTER,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR FALSE AND MISLEADING ADVERTISING (15 USC SEC. 1125), AND FOR COPYRIGHT INFRINGEMENT (17 USC SEC. 501); DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs NEW DIRECTIONS PROGRAM and DAVID GUST (herein "Plaintiffs"), complain against defendants SIERRA HEALTH AND WELLNESS CENTERS LLC, SIERRA HEALTH AND WELLNESS GROUP LLC, RECOVERY HAPPENS COUNSELING SERVICES, and ANGELA CHANTER  (hereinafter collectively "Defendants"), as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff NEW DIRECTIONS PROGRAM  (hereinafter "NEW DIRECTIONS") is a corporation formed under the laws of the State of California, with its primary location in Fair Oaks,

- 1 -

California in Sacramento County.  NEW DIRECTIONS is in the business of providing substance use disorders treatment services.

2.     Plaintiff DAVID GUST (hereinafter "GUST") is an individual who resides in Sacramento County, California, and who is the principal and owner of NEW DIRECTIONS.  GUST has been an expert in the field of treatment of addition and intoxication for decades.

3.     Defendants SIERRA HEALTH AND WELLNESS CENTERS LLC and SIERRA HEALTH AND WELLNESS GROUP LLC  (hereinafter collectively "SIERRA") are limited liability companies organized under the laws of California with their primary location in Butte County, California. Plaintiffs alleges on information and belief that at some point in time SIERRA purportedly purchased or acquired in some manner the assets of RECOVERY HAPPENS COUNSELING SERVICES.  Defendant SIERRA is doing business in the name of "Recovery Happens" as well as in the name "New Start Recovery Solutions."

4.     Defendant RECOVERY HAPPENS COUNSELING SERVICES (hereinafter "RECOVERY HAPPENS") is a corporation organized under the laws of the State of California, with its primary location in Fair Oaks, Sacramento County, California.  This company was in the business of treatment for substance use addiction.   On information and belief it is alleged that RECOVERY HAPPENS the corporate entity was dissolved in the year 2020 though other Defendants continue to use the name "Recovery Happens."

5.     Defendant ANGELA CHANTER is an individual, and on information and belief is and was at all times relevant to this dispute a director, officer and shareholder of RECOVERY HAPPENS and on information and belief is an officer and employee of SIERRA.   Defendant CHANTER is responsible for the debts and liabilities of RECOVERY HAPPENS pursuant to the Corporations Code including section 2011 as a result of distributions.

## JURISDICTION AND VENUE

6.     The court has original Federal Question jurisdiction of this action under 17 United States Code sections 501, et seq., (Copyright) and jurisdiction is proper as this is a case in that it involves Federal

1    Question Jurisdiction pursuant to the Lanham Act (Section 1121 of Title 15 of the U.S.C.)

2        7.   Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the

3    events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in

4    that it is a judicial district where Defendants have committed acts of false advertising and copyright

5    infringement and had a regular and established place of business.

6

7                                    **FIRST CLAIM**

8                              **(Lanham Act False Advertising)**

9        8.   Plaintiffs incorporate by this reference Paragraphs 1 through 7, inclusive, of this

10   Complaint as though fully set forth herein.

11       9.   Plaintiff GUST is an addiction treatment recovery professional in Fair Oaks who works for

12   and owns Defendant NEW DIRECTIONS.

13       10.  Plaintiff GUST developed his groundbreaking approach from his treatment of clients in the

14   early 1980s.  "New Directions Program" was the first outpatient program for adolescents in the country.

15   Later, as described by Adolescent Addiction Magazine, outpatient treatment was not considered a viable

16   option for young people at that time.  In fact, it was in these early years of treatment that GUST

17   recognized the majority of mental health professionals and those in the drug and alcohol field often saw

18   adolescent substance use a phase of experimentation minimizing the occurrence of early onset addiction

19   among other fallacies in reference to adolescent use.  It was Gust who developed an outpatient treatment

20   model based on the principle of **addiction as pathological relationship to intoxication** rather than a

21   preference to a specific drug.

22       11.  This background is important here because GUST has published writings, authored books

23   and made presentations regarding the "Gust model" for decades.   One of his students was Jon Daily who

24   was the founder of Defendant RECOVERY HAPPENS.

25       12.  Plaintiffs allege that Defendants have misappropriated the "Gust model" through false

26   advertising.  This false advertising has harmed Gust's company Plaintiff NEW DIRECTIONS.

27       13.  CHANTER was the principal of Defendant RECOVERY HAPPENS after Jon Dailey

28

**COMPLAINT**

passed-away,  and is now purportedly an employee and officer of Defendant SIERRA.  For many years

CHANTER's deceased husband Jon Daily was an associate of David Gust.  In fact, in published articles

and in a book, Daily called GUST his "mentor."

14.     Significantly, Plaintiff GUST developed an innovative treatment model rooted in the

concept of "addiction to intoxication" and this model was discussed in several publications including the

Gust book published in 1994 entitled <u>Effective Outpatient Treatment for Adolescents: Principles, Practices</u>

<u>and a Program model for Working with Adolescents Experiencing Alcohol and Other Drug Related</u>

<u>Problems</u> (1994) and the Gust book <u>How to Help Your Child Become Drug Free</u> (2006).

15.     Plaintiff alleges that Defendants have engaged in false advertising through Facebook posts,

the websites <u>recoveryhappenscounselingservices.com</u>,  <u>sierraheathwellnesscenters.com</u>,

<u>newstartrecoverysolutions.com</u>, and other publications in violation of the Lanham Act.

16.     First, Plaintiff alleges that CHANTER, as an employee, officer or agent of entity

Defendants, posted the following on Facebook:

> I am beginning a new chapter...We are so excited to share the news that Sierra Health and Wellness, purchased Recovery Happens. Jon Daily's legacy will continue as they will keep all of their intensive outpatient program with the name Recovery Happens and his **model of care**. I am honored to join Sierra Health and Wellness as their senior clinical director. I will continue to hold clinical leadership with Recovery Happens as well as New Start Recovery Solutions and future clinical program acquisitions. Joe Henderson, CEO, has a mission that I know Jon Daily would be proud of. For all my friends and family, who believed I could get to the place where Recovery Happens would be sought after as a leading program in recovery, I am eternally grateful for your confidence and prayers. Jon." (Emphasis added.)

17.     Plaintiffs allege that this statement is false. **Jon Daily had no model of care.**  "His model

of care" is David Gust's model.  Even Daily admitted this.  On page 197 of Jon Daily's self-published

book entitled "<u>Adolescent and Young Adult Addiction</u>" in the chapter titled "Implications for treatment,"

Jon Daily says:

> "For the intervention component of treatment, in our outpatient services at Recovery Happens Counseling Services (<u>www.recoveryhappens.com</u>) my colleagues and I use a program drawn from Effective Outpatient Treatment for Adolescences, written by David Gust and Ted Smith. David Gust, a close colleague, mentor, and friend, has used and taught ***this model*** since the mid-1980s." (Emphasis added.)

- 4 -

**COMPLAINT**

18.     Second, there are numerous similarly false statements on Defendants' websites.  Plaintiff alleges that GUST developed a key focal point of his treatment model is the concept that "addiction has pathological relationship to addiction."   GUST has taught this concept to hundreds of students including Jon Daily for decades starting in the 1980s.   Though David Gust developed the conception of "addiction to intoxication" years before Jon Daily even entered the field,  Defendants' websites after introducing the relevance of Jon Daily states:  "ADDICTION is a PATHOLOGICAL RELATIONSHIP to INTOXICATION "   This is false and misleading advertising to give Daily credit for this concept.  But Daily and the website repeatedly use the term "addiction to intoxication" which was even described by Gust in numerous places including in the 2006 book called "How to Help Your Child Be Drug Free".   That is not a principle created by Daily.  It was created by David Gust to describe his insights into treatment.

19.     In an April 2015 article entitled "We need a Paradigm Shift" in Counselor magazine, Jon Daily wrote:

> "I remember when one of my mentors talked about educating therapists in the 1980s about how teen drug users needed to be drug tested.  He was scorned by the industry yet had the courage to push on with his clinical truth.  He was shifting their paradigm.  What David Gust was offering in his talks was not the norm and certainly felt uncomfortable for everyone to even think about.  His argument was that teen drug users lie – it's their way of keeping the relationship to intoxication undetected and ongoing.  Clinicians thought that drug testing would create an injury to the therapeutic relationship and the parent/child relationship.  David's implicit point was that when teens are actively using, their primary relationship is to intoxication and not to therapists and parents.  Further, people with a relationship to intoxication lie, con, and manipulate to protect and cover up their relationship to intoxication.  However, drug testing does not lie when protocol is conducted properly."

20.     The Defendants' websites further state regarding Daily:  "He believed that people do not become addicted to a particular drug. He believed that individuals become **addicted to INTOXICATION** as a way of dealing with life issues. If you remove the drug - the individual who is still **addicted to intoxication** will find another way to get high. For example, by using another substance or activity such as sex or gambling." (Emphasis added.)   Plaintiff alleges that everything starting with "addiction to intoxication" and ending in the word "gambling" are all words that David Gust taught for many years to multitude of counselor training sessions and classes as well as in mentoring counselors including Jon

- 5 -

Daily.   Attribution to Jon Daily is false and misleading and is an attempt by Defendants to align themselves with the creation of a model so that they can induce clients to hire them.

21.     Daily even acknowledged that his approach was based upon teachings by GUST in the forward of his self-published book, "Adolescent and Young Adult Addiction" where Daily states "Thanks to David Gust for mentoring me, not only in the field of addiction, but the specialized field of adolescent and young adult addiction. He changed my life period. I thank you my friend."

29.     Further misleading statements on the websites include:  "Sierra Health and Wellness and New Start Recovery Solutions are proud and excited to be able to offer the compassionate, insightful and whole person outpatient addiction treatment **philosophy founded by Jon Daily**. " (Emphasis added.) This is false because it was not "founded" by Daily; it originated with David Gust.  This is common knowledge with David Gust's peers, colleagues and students throughout the State of California, and other states.

30.     Also false and misleading on the website is the statement:   "Sierra Health and Wellness Centers used **evidence based** methods to accomplish restoration of families, relationships and self-worth. By transformation the character, we give life back to the people who have lost it through substance abuse and mental health issues."   Plaintiffs allege that this is completely false – this treatment model is not evidence-based.  Daley never used evidence (such as objective clinical studies) to develop his practice in the it was not rooted in scientific or academic writings or research.  Rather he appropriated the Gust model and did nothing more.

31.     There are numerous other false statements on Defendants' websites.  These false statements include: "Exceed the expectations of our clients", "World Class" and "Unlike any other in Northern California."  In fact, Defendant "model" is based upon the Gust model so it cannot be considered exceptional or different.  David Gust with NEW DIRECTIONS literally practices in the same building as Recovery Happens in Fair Oaks; therefore, Recovery Happens cannot be "unlike" any other practice in Northern California.  Furthermore, there is absolutely nothing that makes Recovery Happens exceptional much less "world class."

**COMPLAINT**

32. Finally, there are the Jon Daily videos that are posted or linked to your website. On a video is entitled, "Woodcreek High School Addresses Teen Drug Use" there is a keynote address by Jon Daily, Recovery Happens In the video, Dailey is interviewed by news media and he uses the Gust phrase "Addiction to Intoxication" in this video. Gust's book "How to Help Your Child Become Drug Free" can be seen on the video but no attribution to Gust is made by Daily. In the video Daily also makes a statement that starts "Using despite negative consequences... (at 1:04:24)" But this quote is clearly just Gust's Chapter 1 from "How to Help Your Child Become Drug Free", repurposed. Daily even uses Gust's titles as his Power Point headers directly from one of Gusts old series of projector slides (taken verbatim from Gust's 1980 slide presentation).

33. Plaintiff alleges that Defendants have misappropriated the Gust model and have made false and misleading public statements regarding Daily supposedly creating what is the Gust model.

34. There is an additional false advertising on WebMD and Vitals.com. CHANTER is identified as an "MD" online and this is false.

35. Defendants' statements constitute false or misleading representations of fact regarding the services they provide.

36. Defendants' use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of their services.

37. Defendants' use of false or misleading representations of fact have the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

38. Defendants' false or misleading representations of fact are material because they are likely to influence the purchasing decision of the target consumers.

39. Defendants' falsely or misleadingly represented services are advertised, promoted, sold and distributed in interstate commerce.

40. Plaintiff NEW DIRECTIONS has been and continues to be injured by Defendants' false or misleading representations of fact through the diversion of sales or loss of goodwill.

41. Defendants know that their representations of fact are false or misleading.

42.     Defendants' false or misleading representations of fact were done with bad faith and malice or reckless indifference to Plaintiff's and consumers' interests.

43.     Defendants continue to make false or misleading representations of fact regarding the their services and qualifications and will continue to do so unless enjoined by this Court.

44.     Plaintiff is entitled to an award of Defendants' profits due to sales of the falsely or misleadingly represented services, and any damages sustained by Plaintiff.

WHEREFORE, Plaintiff NEW DIRECTIONS prays for judgment against these Defendants, and each of them, as herein set forth.

## SECOND CLAIM

### (Copyright Infringement)

45.     Plaintiffs incorporate by this reference Paragraphs 1 through 7, inclusive, of this Complaint as though fully set forth herein.

46.     Plaintiff GUST alleges that he published a book in 1994 describing his treatment model and that book included sample treatment documents that incorporated the Gust model.  That book is entitled  "Effective Outpatient Treatment for Adolescents: Principles, Practices and a Program model for Working with Adolescents Experiencing Alcohol and Other Drug Related Problems" (1994) and is registered with the Library of Congress with a US Copyright number TXu000632984 / 1994-05-12.

47.     Plaintiff GUST is the sole owner of the copyright in an original work that is fixed in tangible media of expression.

48.     At all times relevant hereto, Plaintiff GUST has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of her audiovisual multimedia work.

49.     Upon information and belief, Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Mr. Gust's protected works or derivatives of Mr. Gust's protected work without his consent. Defendants' acts violate Mr. Gust's exclusive rights under the

- 8 -

**COMPLAINT**

Copyright Act, 17 U.S.C. §§ 106 and 501, including Mr. Gust's exclusive rights to produce, reproduce, and distribute copies of his work, to create derivative works, and to publicly display his work.

50.     Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Mr. Gust's protected copyrighted works.

51.     Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Mr. Gust's protected copyrighted works.  Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of Gust's works.

52.     Accordingly, Defendants have directly, contributorily, and vicariously infringed Mr. Gust's copyrighted work.

53.     Plaintiff GUST alleges that Defendants have copied portions of this Book and have used and published copies of portions of this book including copying and using treatment documents with clients and this represents copyright infringement.

54.     Additionally, Defendant RECOVERY HAPPENS markets on a website called the "Recovery Bookstore" (www.recoverybookstore.com) and is apparently selling a DVD and booklet called "Treating Adolescents: The Addiction to Intoxication".   The presenter is Jon Daily and the publisher is identified as Wholehearted Publishing/ Recovery Bookstore.  To begin with, David Gust has both used in seminars and has published in writings the term "Addiction to Intoxication."   Further, in Gust's published book, he describes the main topics explored in this process as, "School, Family Relationship, Motivation, Legal Issues, Friendship and Social life, Employment, Finances, Physical health, self image/self respect/emotions, Additional examples."  (See Effective Outpatient Treatment Appendix D (client) and E (family) explain the topics explored during the intervention process.)  When reviewing the DVD, it becomes evident Defendants did not even bother expanding Gust's originally produced Appendixes, and simply use them as Defendant's own.   In the training DVD, Jon Daily introduces a section (at 1:30:33 it begins) saying "Man. This was my go-to slide for so many years. This is a good one." This slide lists the following as the "self inventory: where to explore in the process." It lists "Family, Money, School, Sports,

Legal Issue, Health, Mental Health, Friends, Self, Spirituality, Sexuality, Additional Examples."  When comparing Gust's list from his Book to the DVD list, it is clear that all the same major topics, and all of Gust's topics are copied.   The inventory is so important to the recovery process that it is the core of the intervention phase of the Gust model.

55.    Furthermore, the Recovery Happens brochure copies from Gust.  For example, page 54, of Gust's 1994 book <u>Effective Outpatient Treatment</u> states:  "A description of the six stages of recovery from chemical problems…Recognition, Admission, Petition, Acceptance, Volition, Conversion."   The Defendants' brochure states under parent program, that there are the identical six stages of recovery: "Recognition, Admission, Petition, Acceptance, Volition, Conversion."   Again, this, and other wholesale copying and use of the GUST publications, and represents copyright infringement.

56.    Defendants had actual notice of Plaintiff David Gust's exclusive rights in and to the Plaintiff's works.

57.    Defendants did not attempt to obtain Plaintiff Gust's consent or authorization to use, reproduce, copy, display, prepare derivative works of, and/or market Plaintiff's works on or in connection with infringing publications.

58.    Defendants' unlawful and willful actions alleged herein, constitute infringement of Plaintiff GUST's works, including, without limitation, Plaintiff's exclusive rights to reproduce, distribute and/or sell the same in violation of 17 U.S.C. § 501(a).

59.    Based on Defendant's unlawful and infringing actions alleged herein, Plaintiff is entitled to injunctive relief 17 U.S.C. § 502, Plaintiff's actual damages and Defendant's profits in an amount to be proven at trial infringement pursuant to 17 U.S.C. § 504(b) or at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 504(c).

60.    Defendants' infringement has caused and is causing irreparable harm to Mr. Gust, for which he has no adequate remedy at law. Unless this Court restrains Defendants from infringing the protected works, the harm will continue to occur in the future. Accordingly, Mr. Gust is entitled to preliminary and permanent injunction.

**COMPLAINT**

WHEREFORE, Plaintiff GUST prays for judgment against these Defendants, and each of them, as herein set forth.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff NEW DIRECTIONS prays for judgment against these Defendants, and each of them, as follows:

1. For an order and decree by the Court that enjoins Defendants from committing false or misleading advertising;

2. For an award of Plaintiffs' actual damages and Defendants' profits for false and misleading advertising in an amount to be proven at trial of at least $100,000;

3. For an order that there is the placement of corrective advertising on Defendants' websites informing consumers of their prior misrepresentations regarding Plaintiff's model, and the proper attribution to David Gust;

4. For attorneys' fees as available under law;

5. For costs of suit herein; and

6. For such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff DAVID GUST prays for judgment in his favor against Defendants, and each Defendant, as follows:

1. That Defendants' products and materials that infringe Gust's copyrights, as well as any other articles that contain or embody copies of Gust's original works, be impounded pursuant to 17 U.S.C. §. 503(a); B)

2. That Defendants' products and materials that infringe Gust's copyrights, as well as any other articles that contain or embody copies of Gust's original works, be destroyed pursuant to 17 U.S.C. §. 503(b);

3. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from: (1) infringing, or contributing to or participating in the

- 11 -

**COMPLAINT**

infringement by others the Gust copyrighted works  or acting in concert with, aiding and abetting others to infringe said copyright in any way; (2) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the works to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon.

4. That Defendants be required to account for and pay to Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

5. For an award of costs as provided by law;

6. For an award of attorneys' fees as provided by law;

7. For an award of interest in the maximum amount permitted by law;

8. For such other and further relief as the Court deems just and proper.

Dated: June 24, 2022                                    INSIGHT LAW PARTNERS LLP


By: /s/ Bruce Piontkowski
    BRUCE C. PIONTKOWSKI
    Attorneys for Plaintiffs New Directions
    Program and David Gust

- 12 -

**COMPLAINT**

1

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiffs hereby demand trial by Jury in this action of all issues so triable.

Dated: June 24, 2022

INSIGHT LAW PARTNERS LLP


By: /s/ Bruce Piontkowski
BRUCE C. PIONTKOWSKI
Attorneys for Plaintiffs

- 13 -

**COMPLAINT**