1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW DIRECTIONS PROGRAM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA HEALTH AND WELLNESS CENTERS LLC, et al.,<br><br>Defendants. | No.  2:22-cv-01090-DAD-JDP<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE MOVING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. No. 9) |

This matter is before the court on the motion to dismiss filed by defendants Sierra Health and Wellness Centers LLC, Sierra Health and Wellness Group LLC, and Recovery Happens Counseling Services, Inc. (the "moving defendants") on September 29, 2022.  (Doc. No. 9.)  On November 7, 2022, the pending motion was taken under submission on the papers.  (Doc. No. 12.)  For the reasons explained below, the pending motion to dismiss will be granted in part and denied in part and plaintiffs will be granted leave to amend.

### BACKGROUND

On June 24, 2022, plaintiffs David Gust and New Directions Program filed their complaint initiating this suit against the moving defendants and defendant Angela Chanter for alleged false advertising and copyright infringement.  (Doc. No. 1.)  In their complaint, plaintiffs allege the following.

1

1    Plaintiff Gust is the "principal and owner" of plaintiff New Directions Program and "has

2    been an expert in the field of treatment of addiction and intoxication for decades." (*Id.* at ¶ 2.)  In

3    the early 1980s, plaintiff Gust "developed an outpatient treatment model based on the principle of

4    addiction as a pathological relationship to intoxication rather than as a preference [for] a specific

5    drug." (*Id.* at ¶ 10.)  Plaintiff Gust "has published writings, authored books and made

6    presentations regarding the 'Gust model' for decades." (*Id.* at ¶ 11.)

7    One of plaintiff Gust's students was Jon Daily, the founder of defendant Recovery

8    Happens Counseling Services Inc. ("RHCS"). (*Id.*)  Mr. Daily considered plaintiff Gust "a close

9    colleague, mentor, and friend . . . ." (*Id.* at ¶ 17.)  After Mr. Daily passed away, his wife,

10    defendant Chanter, became "the principal" of defendant RHCS. (*Id.* at ¶ 13.)  "[A]t some point in

11    time," defendants Sierra Health and Wellness Centers LLC and Sierra Health and Wellness

12    Group LLC (collectively, "Sierra") "purchased or acquired . . . the assets of" defendant RHCS.

13    (*Id.* at ¶ 3.)  Defendant RHCS "the corporate entity was dissolved" in 2020. (*Id.* at ¶ 4.)

14    However, the Sierra defendants are now "doing business in the name of 'Recovery Happens' as

15    well as in the name 'New Start Recovery Solutions.'" (*Id.* at ¶ 3.)  Plaintiff Gust also "practices

16    in the same building as Recovery Happens . . . ." (*Id.* at ¶ 31.)

17    Plaintiffs allege that defendants "misappropriated" the "Gust model" of outpatient

18    addiction treatment and engaged in false advertising through statements made on Facebook and

19    on the moving defendants' websites regarding the Gust model, including claims that Mr. Daily

20    created the Gust model, among other things. (*Id.* at ¶¶ 12, 15, 33.)  In their complaint, plaintiffs

21    identify seven specific statements made by defendants that plaintiffs assert constitute false

22    advertising, each of which the court will address below in resolving the pending motion to

23    dismiss. (*See id.* at ¶¶ 15–20, 29, 30, 32.)

24    In addition, plaintiffs allege that Gust authored a book in 1994 entitled "Effective

25    Outpatient Treatment for Adolescents:  Principles, Practices, and a Program model for Working

26    with Adolescents Experiencing Alcohol and Other Drug Related Problems" ("Gust Book") that

27    "is registered . . . with a US Copyright number TXu000632984 / 1994-05-12." (*Id.* at ¶ 46.)

28    Plaintiffs assert three instances of copyright infringement by defendants with respect to the Gust

2

Book.  First, plaintiffs allege that the moving defendants "have used and published copies of portions of [the Gust Book] including copying and using treatment documents with clients . . . ." (*Id.* at ¶ 53.)  Second, according to plaintiffs, defendant RHCS allegedly markets and sells a DVD and booklet called "'Treating Adolescents:  The Addiction to Intoxication'" "on a website called the 'Recovery Bookstore.'"  (*Id.* at ¶ 54.)  Mr. Daily, who is the "presenter" on the DVD, allegedly copied Appendices D and E from the Gust Book and then used them in that recorded presentation.  (*Id.*)  These copied appendices allegedly contain "the core of the intervention phase of the Gust model."  (*Id.*)  Third and finally, plaintiffs allege that the Gust Book was also copied in a brochure offered by the moving defendants and that brochure lists six stages of recovery that are identical to those described in the Gust Book.  (*Id.* at ¶ 55.)

Based on the foregoing, plaintiffs assert two claims against defendants:  (1) false advertising in violation of 15 U.S.C. § 1125(a) ("the Lanham Act") with respect to each of the seven statements plaintiffs have identified in their complaint; and (2) copyright infringement in violation of 17 U.S.C. § 501 with respect to the Gust Book.  (Doc. No. 1 at 1.)

In moving to dismiss, defendants argue that plaintiffs have failed to sufficiently allege facts to state plausible claims.  (Doc. No. 9-1 at 2.)  Specifically, the moving defendants argue that plaintiffs have failed to plead their false advertising claim with the particularity required by Federal Rule of Civil Procedure 9(b), to sufficiently allege falsity, and to sufficiently allege deception and materiality, which are all required to state a cognizable claim of false advertising under the Lanham Act sounding in fraud.  (*Id.* at 4–8.)  Similarly, the moving defendants argue that plaintiffs have not alleged sufficient facts in support of their copyright infringement claims.  (*Id.* at 8–9.)[1]

In their opposition to the pending motion, plaintiffs purport to identify where in their complaint they have alleged sufficient facts, as required, in support of their false advertising and

---

[1]  The moving defendants also argue that plaintiffs have not alleged sufficient facts in support of their request for a preliminary injunction.  (*Id.* at 9–10.)  However, plaintiffs have requested injunctive relief only as part of their complaint's prayer for relief.  (Doc. No. 1 at 11–12.)  Plaintiffs have not yet filed a motion for a preliminary injunction.  Accordingly, the moving defendants' argument in this regard will not be considered at this time.

1 | copyright infringement claims.  (Doc. No. 10.)  In their reply, the moving defendants argue that

2 | plaintiffs have improperly sought to supplement the allegations of their complaint by way of their

3 | opposition brief and that the complaint itself lacked sufficient allegations to support plaintiffs'

4 | claims.  (Doc. No. 11.)

5 | **LEGAL STANDARD**

6 | The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal

7 | sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

8 | 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

9 | sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

10 | F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

11 | relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

12 | claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13 | the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.

14 | Iqbal*, 556 U.S. 662, 678 (2009).

15 | In determining whether a complaint states a claim on which relief may be granted, the

16 | court accepts as true the allegations in the complaint and construes the allegations in the light

17 | most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

18 | the court need not assume the truth of legal conclusions cast in the form of factual allegations.

19 | *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not

20 | require detailed factual allegations, "it demands more than an unadorned, the-defendant-

21 | unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers

22 | mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

23 | *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements

24 | of a cause of action, supported by mere conclusory statements, do not suffice.").  It is

25 | inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the

26 | defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen.

27 | Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

28 | In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material

4

1    that is properly submitted as part of the complaint, documents that are not physically attached to

2    the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies

3    on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th

4    Cir. 2001).

5                                              **ANALYSIS**

6            In resolving the moving defendants' pending motion to dismiss, the court will first address

7    plaintiffs' false advertising claim, which is predicated on seven allegedly false or misleading

8    statements.  The court will then turn to plaintiffs' copyright infringement claim, which is based on

9    three instances of alleged copyright infringement.

10   **A.      False Advertising Claim**

11           Plaintiffs allege that the moving defendants or their agents published seven distinct false

12   statements in violation of the Lanham Act, 15 U.S.C. § 1125(a).  (Doc. No. 1 at ¶¶ 8–44.)

13           1.     Legal Standards

14           When a plaintiff alleges that defendants have "made numerous misleading and false

15   representations" in violation of the Lanham Act and that the defendants' "conduct was (and

16   continues to be) knowing and intentional," the plaintiff's claims "sound in fraud and must meet

17   the heightened pleading requirements of Rule 9(b)."  *TransFresh Corp. v. Ganzerla & Assoc.,*

18   *Inc.*, 862 F. Supp. 2d 1009, 1017–18 (C.D. Cal. 2012); *see also Vess v. Ciba-Geigy Corp. USA*,

19   317 F.3d 1097, 1107 (9th Cir. 2003) ("When an entire complaint, or an entire claim within a

20   complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading

21   requirements of Rule 9(b), a district court may dismiss the complaint or claim.") (citing *Bly-*

22   *Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)); *Gopher Media LLC v. Modern Doc Media*,

23   No. 22-cv-00131-TWR-DDL, 2023 WL 350531, at *6 (S.D. Cal. Jan. 20, 2023) ("While the

24   Ninth Circuit has not decided whether the heightened pleading standard of Federal Rule of Civil

25   Procedure 9(b) applies to Lanham Act claims, the majority of district courts in this Circuit apply

26   Rule 9(b) to claims that are grounded in fraud, such as false advertising claims arising under the

27   Lanham Act.").

28   /////

1    Here, plaintiffs allege that the moving defendants "know that their representations of fact

2    are false or misleading" and that the moving defendants' "false or misleading representations of

3    fact were done with bad faith or malice."  (Doc. No. 1 at ¶¶ 41–42.)  Thus, plaintiffs' false

4    advertising claim sounds in fraud.  To survive the pending motion to dismiss their Lanham Act

5    claim, plaintiffs must therefore meet the heightened pleading requirements of Federal Rule of

6    Civil Procedure 9(b).  *See* Fed. R. Civ. P. 9(b).

7    Under Rule 9(b), the "circumstances constituting the alleged fraud [must] be specific

8    enough to give defendants notice of its particular misconduct . . . so they can defend against the

9    charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567

10   F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted) (citing *Bly-Magee*, 236 F.3d at

11   1019).  "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily

12   constitute fraud (even if the word fraud is not used)."  *Id.* (internal quotations omitted).  To satisfy

13   the particularity standard of Rule 9(b), "a pleading must identify the who, what, when, where, and

14   how of the misconduct charged, as well as what is false or misleading about the purportedly

15   fraudulent statement, and why it is false."  *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019

16   (9th Cir. 2020) (quotations omitted) (quoting *Davidson v. Kimberley-Clark Corp.*, 889 F.3d 956,

17   964 (9th Cir. 2018)).

18   "To state a claim for false advertising under Section 43(a) of the Lanham Act [15 U.S.C.

19   § 1125(a)], [the plaintiff must] allege that (1) [the defendant] made a false statement of fact in a

20   commercial advertisement; (2) the statement deceived or had the tendency to deceive a substantial

21   segment of its audience; (3) the deception was material, in that it was likely to influence the

22   purchasing decision; (4) the false statement entered interstate commerce; and (5) [the plaintiff]

23   has been or is likely to be injured as a result of the false statement."  *Enigma Software Grp. USA,*

24   *LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023) (citing *Southland Sod Farms v.*

25   *Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).  "To show falsity under the Lanham Act, a

26   plaintiff must allege that 'the statement was literally false, either on its face or by necessary

27   implication, or that the statement was literally true but likely to mislead or confuse consumers.'"

28   /////

1    *Id.* (quoting *Southland*, 108 F.3d at 1139).  "Statements of opinion and puffery, however, are not

2    actionable."  *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1121 (9th Cir. 2021).

3         The court will now turn to each of the seven statements which serve as the basis for

4    plaintiffs' false advertising claim in violation of the Lanham Act, 15 U.S.C. § 1125(a) and

5    determine whether the factual allegations of plaintiffs' complaint as to each are sufficient to

6    satisfy the heightened pleading requirements of Rule 9(b).

7         1.    Statement 1

8         In their complaint, plaintiffs quote from an alleged Facebook post by defendant Chanter,

9    acting "as an employee, officer, or agent" of the moving defendants, which states that "Jon

10   Daily's legacy will continue as [Sierra Health and Wellness] will keep all of their intensive

11   outpatient program with the name Recovery Happens and his model of care."  (Doc. No. 1 at

12   ¶ 16.)  "Plaintiffs allege that this statement is false" because "Jon Daily had no model of care."

13   (*Id.* at ¶ 17.)  Rather, plaintiffs quote a passage from "page 197 of Jon Daily's self-published

14   book" that states "[f]or the intervention component of treatment, in our outpatient services at

15   Recovery Happens . . . my colleagues and I use a program drawn from Effective Outpatient

16   Treatment for Adolescences [sic], written by David Gust . . . .  David Gust, a close colleague,

17   mentor, and friend, has used and taught this model since the mid-1980s."  (*Id.*)  The moving

18   defendants argue that plaintiffs' allegations in this regard lack the specificity required by

19   Rule 9(b).  (Doc. No. 9-1 at 4.)

20        Plaintiffs have sufficiently alleged the who (defendant Chanter, as an employee, officer, or

21   agent of the moving defendants), the what (the statement reproduced verbatim in the complaint),

22   the where (Facebook), and how the statement is false (allegedly, because Daily copied plaintiff

23   Gust's model of care and had no model of his own).  However, plaintiffs have not alleged "when"

24   the statement was published.  In their opposition to the pending motion, plaintiffs indicate that the

25   Facebook post in question occurred "in late 2020" and that the "time periods are clearly set forth

26   in the complaint."  (Doc. No. 10 at 6); (*see also id.* at 7) (arguing that "there was a publication on

27   Chanter's Facebook page in November 2020").  In fact, the complaint sets forth no time periods

28   in this regard.  Rather, plaintiffs allege in their complaint only that defendant RHCS "the

corporate entity was dissolved in the year 2020 though other Defendants continue to use the name 'Recovery Happens.'" (Doc. No. 1 at ¶ 4.)  At most, an inference might be drawn from the allegations of the complaint that defendant Chanter's alleged statement was posted at some time after the acquisition of defendant RHCS by defendants Sierra.  Even making the assumption that this acquisition occurred in "late 2020," defendants would still be facing a window of nearly two years during which the allegedly false representation was made.  (Doc. No. 10 at 4.)  This lack of chronological specificity fails to meet the heightened pleading standard of Rule 9(b).  *See Wanetick v. Mel's of Modesto, Inc.*, 811 F. Supp. 1402, 1405 (N.D. Cal. 1992) (holding that "[a]side from narrowing the series of misrepresentations to a period of ten months, Plaintiff does not identify the time . . . of the allegedly fraudulent communications" and thus "fails to satisfy [Rule 9(b)'s] particularity requirements"); *Waikiki Trader Corp. v. Rip Squeak Inc.*, No. 09-cv-00344-ACK-BMK, 2010 WL 11530615, at *7 (D. Haw. Apr. 15, 2010) (holding that one year is too broad a time period to satisfy Rule 9(b)'s heightened pleading requirement).

Because plaintiffs have failed to meet the more demanding pleading standard of Rule 9(b) as to when the allegedly false statement was made, the court need not consider whether plaintiffs have sufficiently alleged a cognizable false advertising under the Lanham Act as to Statement 1.

Accordingly, the motion to dismiss plaintiffs' false advertising claim against the moving defendants arising from Statement 1 will be granted.

2.    Statement 2

In their complaint, plaintiffs allege that on the websites "recoveryhappenscounselingservices.com, sierrahealthwellnesscenters.com, [and] newstartrecoverysolutions.com" ("the Websites"), the moving defendants state that "Sierra Health and Wellness and New Start Recovery Solutions are proud . . . to offer the compassionate, insightful and whole person outpatient addiction treatment philosophy founded by Jon Daily." (Doc. No. 1 at ¶¶ 15, 29.)  Plaintiffs allege this statement is false because the treatment philosophy the moving defendants are referencing "was not 'founded' by Daily; it originated with David Gust." (*Id.*)

/////

8

1

      a.    *Rule 9(b) Particularity*

2

     In their complaint, plaintiffs have alleged the "who, what, when, where, and how"

3

required by Rule 9(b) for Statement 2.  The "who" is alleged (all defendants).  (*Id.*)  The "what"

4

is alleged (the statement quoted above).  (*Id.*)  The "where" is alleged (the Websites).  (*Id.*); *see*

5

*also TransFresh Corp.*, 862 F. Supp. 2d at 1019 (finding that the plaintiff naming the defendant's

6

website meets the "where" pleading requirement of Rule 9(b)).  The "how" or "why" is alleged

7

(the treatment philosophy referenced on the Websites as being founded by Mr. Daily was actually

8

founded by plaintiff Gust, not Mr. Daily).  (Doc. No. 1 at ¶ 29.)  While the "when" is less clear

9

from the complaint, the court concludes it is ultimately sufficiently alleged as an ongoing

10

publication on the Websites when the facts alleged are viewed in the light most favorable to

11

plaintiffs, as the court is required to do at the pleadings stage.  For instance, plaintiffs precede the

12

description of Statement 2 with the present tense phrase "misleading statements on the websites

13

*include*."  (*Id.* at ¶ 29) (emphasis added); *see also* (*id.* at ¶ 18) (alleging that "there *are* numerous

14

similarly false statements on Defendants' websites") (emphasis added); (*id.* at ¶ 20) (alleging that

15

"Defendants' websites further *state*" false statements) (emphasis added).  As such, plaintiffs'

16

allegations permit the reasonable inference to be drawn that Statement 2 was still on the Websites

17

at the time the complaint was filed.  *See TransFresh*, 862 F. Supp. 2d at 1019 (finding that the

18

plaintiffs have pled the "when" for Rule 9(b) by alleging that a statement on a website was

19

"ongoing").

20

      b.    *Deception and Materiality*

21

     The moving defendants also argue that plaintiffs have failed to sufficiently allege facts

22

supporting two elements of a Lanham Act claim—namely, deception and materiality.  (Doc.

23

No. 9-1 at 7–8.)

24

     A statement is deceptive if it "deceived or had the tendency to deceive a substantial

25

segment of its audience."  *Enigma*, 69 F.4th at 671 (quoting *Southland*, 108 F.3d at 1139).  As

26

noted above, plaintiffs have alleged that Mr. Daily stated that "the intervention component of

27

[his] treatment" philosophy is "drawn from Effective Outpatient Treatment for Adolescences

28

[sic], written by David Gust . . . who has used and taught this model since the mid-1980s."  (Doc.

No. 1 at ¶ 17.)  Plaintiffs also allege that Mr. Daily's treatment philosophy "originated with David Gust" and that Mr. Daily "appropriated the Gust model and did nothing more."  (*Id.* at ¶¶ 29–30.)  Taking these allegations as true, the reasonable inference can be drawn that the alleged "outpatient addiction treatment philosophy founded by Jon Daily" and offered by the moving defendants on the Websites was not, in fact, founded by Jon Daily.  (*Id.* at ¶ 29.)  Moreover, it can be reasonably inferred from the allegations of the complaint that consumers would believe Statement 2 after reading it on the Websites, i.e., a consumer would have no reason to doubt that Mr. Daily did in fact found the treatment philosophy used by the moving defendants.  It is therefore facially plausible that Statement 2 has the tendency to deceive a substantial segment of its audience.

"A statement is material if it is 'likely to influence the purchasing decision.'"  *ThermoLife Int'l, LLC v. Gaspari Nutrition Inc.*, 648 Fed. App'x. 609, 615 (9th Cir. 2016)[2] (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990)).  In their opposition, plaintiffs point out that being connected to "the legacy of an innovator in the field," as Mr. Daily was presented to be on the Websites, makes it more likely that a product will be chosen by consumers and makes defendants seem "more substantial, credible and credentialed."  (Doc. No. 10 at 13.)  Moreover, plaintiffs allege in their complaint that plaintiff Gust "practices in the same building as [the moving defendants] in Fair Oaks," so even minor perceived differences between the two practices could plausibly influence consumers' decisions.  (Doc. No. 1 at ¶ 31.)  These allegations are a sufficient basis upon which to plausibly assert that Statement 2 is likely to influence consumers' purchasing decisions, particularly given the nature of the product—a philosophy-driven addiction treatment program in Sacramento—being sold.  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33 (2003) (noting that "[i]t could be argued" that "[t]he purchaser of a novel" or other "communicative product[s]" or "intellectual content" is

/////

/////

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    "interested . . . primarily, in the identity" of the "creator of the content that the physical item

2    conveys").[3]

3         Accordingly, the motion to dismiss plaintiffs' false advertising claim brought against the

4    moving defendants arising from Statement 2 will be denied.

5         3.    Statement 3

6         In their complaint, plaintiffs allege that the Websites, in a section titled "the relevance of

7    Jon Daily," state the following:  "'ADDICTION is a PATHOLOGICAL RELATIONSHIP to

8    INTOXICATION.'"  (Doc. No. 1 at ¶ 18.)  However, plaintiffs allege that plaintiff Gust

9    "developed the concept of 'addiction to intoxication' years before Jon Daily even entered the

10   field" and that Mr. Daily has acknowledged this fact when he wrote a 2015 article in Counselor

11   Magazine that plaintiff Gust "was shifting [the industry's] paradigm" in the 1980s by arguing that

12   "when teens are actively using, their primary relationship is to intoxication."  (*Id.* at ¶ 19.)

13   Plaintiffs allege this shows that Mr. Daily did not create the concept of addiction as a

14   "pathological relationship" to intoxication, and that it is "false and misleading advertisement to

15   give Daily credit for this concept."  (*Id.* at ¶ 18.)

16        The moving defendants argue that these allegations fail to satisfy the heightened pleading

17   standard of Rule 9(b), and that they also fail to plausibly allege the deception and materiality

18   elements of a Lanham Act claim.  (Doc. No. 9 at 4–8.)

19   _____

20   [3]  Nonetheless, the court observes that in *Dastar* the Supreme Court found that the plaintiff's
     claim of misattribution was not cognizable as a claim of false designation of origin under the
21   Lanham Act.  539 U.S. at 37–38.  Notably, "numerous district courts in California" have applied
     *Dastar* and *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008) to find that
22   "misrepresentations regarding authorship [cannot] give rise to a false advertising claim under
     § 43(a)(1)(B) of the Lanham Act."  *Focal Point Films, LLC v. Sandhu*, No. 19-cv-02898-JCS,
23   2019 WL 7020209, at*6 (N. D. Cal. Dec. 20, 2019) (listing cases); *see also Sybersound*, 517 F.3d
     at 1144 (extending *Dastar*'s reasoning to find that alleged misrepresentations about copyright
24   licensing status are not sufficient to state cognizable false advertising claims arising under the
     Lanham Act)); *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1062 (N.D. Cal. 2022)
25   (quoting *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009)) ("[T]o
     allow [plaintiff] to proceed with a false advertising claim that is fundamentally about the origin of
26   an idea, is contrary to the Ninth Circuit's interpretation of *Dastar*.").  The moving defendants
     have not argued that a false advertising claim based on misattribution is not cognizable, and the
27   court declines to consider the issue *sua sponte*.  However, plaintiffs may be well advised to take
     note of this potential issue in the drafting of any amended complaint they may file in this action.
28

                                                    11

1          a.      *Rule 9(b) Particularity*

2          Plaintiffs have sufficiently alleged the "who, what, where, when, and how" required by

3   Rule 9(b) in connection with Statement 3:  Plaintiffs have alleged the "who" (the moving

4   defendants), the "what" (the quoted statement), the "where" (the Websites), and the "when" (the

5   allegation "Defendants' websites further state" implies that their statements were ongoing at the

6   time of the filing of the complaint).  (Doc. No. 1 at ¶ 18.)  As to "how" the statement in question

7   is misleading, plaintiffs have alleged that plaintiff Gust "developed the concept of 'addiction to

8   intoxication' years before Jon Daily even entered the field," and that Mr. Daily wrote an article

9   acknowledging the paradigm-shifting nature of that concept developed by Gust.  (*Id.* at ¶ 19.)

10  These allegations are sufficient as to "how" the statement is purportedly false or misleading—

11  namely, that Jon Daily did not create the concept of addiction being a "pathological relationship"

12  to intoxication.  (*Id.* at ¶ 18.)

13          b.      *Deception and Materiality*

14          Plaintiffs have also sufficiently alleged that Statement 3 is deceptive.  Although plaintiffs

15  have not alleged that Statement 3 is literally false, i.e., that addiction is *not* a pathological

16  relationship to intoxication, plaintiffs have alleged that the statement is misleading because its

17  text and placement suggest that Mr. Daily created that concept rather than plaintiff Gust.  *See*

18  *Southland*, 108 F.3d at 1140 ("Even if an advertisement is not literally false, relief is available

19  under Lanham Act § 43(a) if it can be shown that the advertisement has misled, confused, or

20  deceived the consuming public.").  Moreover, because plaintiffs allege that Statement 3 is located

21  in a section of the Websites discussing "the relevance of Jon Daily," it is certainly plausible that

22  consumers will be misled into giving Mr. Daily credit for the concept of "addiction to

23  intoxication."  (Doc. No. 1 at ¶ 18.)

24          Lastly, plaintiffs have met their pleading burden as to materiality.  In their opposition,

25  plaintiffs advance the same argument that they raise with respect to Statement 2, i.e., being

26  connected to "the legacy of an innovator in the field" makes a product more likely to be chosen

27  by consumers and makes defendants seem "more substantial, credible and credentialed."  (Doc.

28  No. 10 at 13.)  Because the same reasoning that applied to Statement 2 applies to Statement 3,

1   plaintiffs have again sufficiently alleged materiality.  *See Dastar*, 539 U.S. at 33.

2       Accordingly, the motion to dismiss plaintiffs' false advertising claim arising from

3   Statement 3 will be denied.

4       4.   Statement 4

5       Plaintiffs next allege that the Websites state Mr. Daily "believed that individuals become

6   addicted to INTOXICATION as a way of dealing with life issues.  If you remove the drug—the

7   individual who is still addicted to intoxication will find another way to get high.  For example, by

8   using another substance or activity such as sex or gambling."  (Doc. No. 1 at ¶ 20.)  Plaintiffs

9   allege these "are all words that David Gust taught for many years" and that "[a]ttribution to Jon

10  Daily is false and misleading . . . ."  (*Id.*)

11      To begin with, plaintiffs have alleged their false advertising claim arising from

12  Statement 4 with particularity, as required by Rule 9(b).  They have alleged the "who" (the

13  moving defendants), the "what" (the quoted statement), the "when" (ongoing), the "where" (the

14  Websites), and the "how" (the statement is false because it attributes ideas to Daily that were in

15  fact conceived by plaintiff Gust).  (*Id.*)

16      However, the court concludes plaintiffs have not sufficiently alleged deception.  Plaintiffs

17  appear to accept the literal truth of Statement 4, i.e., that Mr. Daily subjectively believed the

18  stated ideas.  Rather, plaintiffs are alleging that Statement 4 is misleading because it implies that

19  Daily created those ideas instead of plaintiff Gust.  But plaintiffs have provided no factual

20  allegations in support of this assertion.  Without any allegations providing context to Statement 4,

21  it is not plausible that Statement 4 has a tendency to deceive consumers by causing them to

22  attribute the creation of the ideas regarding individuals becoming addicted to intoxication to Mr.

23  Daily.  For example, there is no allegation similar to that made by plaintiffs as to Statement 3

24  placing the text of Statement 4 in the "relevance of Jon Daily" section of the Websites.  Absent

25  any allegations giving rise to a reasonable inference of a tendency for consumers to misattribute

26  the content of Statement 4, plaintiffs have not sufficiently alleged deception.[4]

27

28  [4]  Having reached this conclusion as to the insufficiency of the allegations as to deception, the
court need not analyze whether plaintiffs have sufficiently alleged materiality.

1   Accordingly, the motion to dismiss plaintiffs' false advertising claim brought against the

2   moving defendants arising from Statement 4 will be granted.

3   5.   Statement 5

4   Plaintiffs also allege that there is a video on the Websites in which Daily "uses the Gust

5   phrase 'Addiction to Intoxication'"; that plaintiff Gust's book "can be seen on the video"; that

6   Daily "makes a statement that . . . is clearly just [Chapter 1 from plaintiff Gust's book, "How to

7   Help Your Child Become Drug Free"], repurposed"; and that Daily has "taken verbatim" plaintiff

8   Gust's "old series of projector slides" to use as his own PowerPoint slide headers.  (Doc. No. 1 at

9   ¶ 32.)  Plaintiffs allege "no attribution to Gust is made" in the video.  (*Id.*)

10   Plaintiffs have alleged the who, what, when, where, and how of this claim with sufficient

11   particularity for the same reasons discussed above.  Specifically, plaintiffs have alleged the "who"

12   (the moving defendants), the "what" (using the phrase "addiction to intoxication," displaying

13   plaintiff Gust's book, making a statement taken from Chapter 1 from plaintiff Gust's book, and

14   taking verbatim plaintiff Gust's slides), the "when" (ongoing), the "where" (the Websites), and

15   the "how" (the moving defendants attribute to Mr. Daily ideas that in fact were originated by

16   plaintiff Gust).  But, once again, plaintiffs have not sufficiently alleged deception.  As with

17   Statement 4, there is no indication whatsoever from the allegations of plaintiffs' complaint that

18   Mr. Daily is claiming to have created these ideas.  The court cannot reasonably draw the

19   inference from the allegations of the complaint that the moving defendants have attributed to Mr.

20   Daily ideas that originated with plaintiff Gust.

21   Accordingly, the motion to dismiss plaintiffs' false advertising claim arising from

22   Statement 5 will be granted.

23   6.   Statements 6–7:  Puffery

24   The moving defendants correctly note in their motion that a statement of general opinion

25   or puffery is not actionable as a false advertising claim under the Lanham Act.  (Doc. No. 9-1 at

26   5); *see Ariix, LLC*, 985 F.3d at 1121.  "A statement is considered puffery if the claim is extremely

27   unlikely to induce consumer reliance."  *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038,

28   1053 (9th Cir. 2008).  "[A] statement that is quantifiable, that makes a claim as to the 'specific or

14

1    absolute characteristics of a product,' may be an actionable statement of fact while a general,

2    subjective claim about a product is non-actionable puffery." *Id.* (quoting *Cook, Perkiss*, 911 F.2d

3    at 246).

4        Statement 6 includes allegations that the false statements appearing on the Websites

5    "include:  'Exceed the expectations of our clients', 'World Class' and 'Unlike any other in

6    Northern California.'"  (Doc. No. 1 at ¶ 31.)  These "unquantifiable assertions are 'classic, non-

7    actionable opinions or puffery.'"  *Ariix*, 985 F.3d at 1121; *see also Yacht West, Ltd. v.*

8    *Christensen Shipyards, Ltd.*, No. 07-cv-1547-KI, 2009 WL 1372954, at *5 (D. Or. May 14, 2009)

9    (finding that "statements about being a world-class yacht builder . . . are too general in nature to

10   support a fraud claim"); *In re Cisco Sys. Inc. Sec. Litig.*, No. 11-cv-1568-SBA, 2013 WL

11   1402788, at *13 (N.D. Cal. Mar. 29, 2013) (finding that "exceeding expectations" is non-

12   actionable puffery in the corporate context).

13       Similarly, Statement 7 alleges that the moving defendants use "evidence based methods,"

14   (Doc. No. 1 at ¶ 30), but these allegations merely amount to puffery as well.  *See Ariix, LLC*, 985

15   F.3d at 1112, 1121 (quoting *Prager Univ. v. Google LLC*, 951 F.3d 991, 1000 (9th Cir. 2020))

16   (finding that the statements "evidence-based book" and "relie[d] on a 'higher standard of

17   evidence'" regarding a text were "unquantifiable assertions" and "'classic, non-actionable

18   opinions or puffery'").

19       Accordingly, the motion to dismiss plaintiffs' false advertising claims brought against the

20   moving defendants arising from Statements 6–7 will be granted as well.

21   **B.    Copyright Infringement Claim**

22       To establish a claim for copyright infringement, the plaintiff must allege and ultimately

23   prove:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work

24   that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  The

25   second element of a copyright infringement claim "contains two separate components:  'copying'

26   and 'unlawful appropriation.'" *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952

27   F.3d 1051, 1064 (9th Cir. 2020) (*en banc*).  Under the first component, "a plaintiff must prove

28   that a defendant copied the work."  *Id.*  However, in the absence of a direct copying by the

defendant, "the plaintiff 'can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id.* ("This type of probative or striking similarity shows that the similarities between the two works are due to 'copying rather than . . . coincidence, independent creation, or prior common source.'") (citation omitted).

As to the second component, "the hallmark of 'unlawful appropriation' is that the works share *substantial* similarities." *Id.* (citation omitted).  Courts in the Ninth Circuit "use a two-part test to determine whether the defendant's work is substantially similar to the plaintiff's copyrighted work." *Id.* (citation omitted).  This two-part test has an "extrinsic" test and an "intrinsic" test, and the Ninth Circuit recently delineated the differences between the two:

> The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria. The extrinsic test requires . . . breaking the works down into their constituent elements, and comparing those elements for proof of copying as measured by substantial similarity. Because the requirement is one of substantial similarity to protected elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work. The intrinsic test focuses on 'similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance.

*Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022).  However, "[o]nly the extrinsic test's application may be decided by the court as a matter of law"; district courts may not apply the intrinsic test at the motion to dismiss stage.  *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Led Zeppelin*, 952 F.3d 1051.  "[I]n some instances, courts have [also] found themselves unequipped to perform the extrinsic test before the parties are afforded discovery."  *Advanta-STAR Auto. Rsch. Corp. of America v. Search Optics, LLC*, __F. Supp. 3d__, 2023 WL 3366534, at *5 (S.D. Cal. May 9, 2023).

The moving defendants seek dismissal of plaintiffs' copyright infringement claim, which is predicated on three separately alleged violations:  (i) the copying of portions of the Gust Book, including treatment documents used by the moving defendants with their clients; (ii) the copying of two appendices from the Gust Book that are sold by defendant RHCS with a DVD that includes Mr. Daily as the presenter; and (iii) the copying of the six stages of recovery from the

Gust Book into a brochure handed out by the moving defendants.  (Doc. No. 9-1 at 9–10.)  The court will address below whether plaintiffs have sufficiently alleged facts supporting their three theories of copyright infringement.

       1.      <u>Gust Book Portions and Treatment Documents</u>

      In their complaint, plaintiffs allege that the moving defendants have copied portions of the Gust Book and copied treatment documents therefrom for use with defendants' clients.  (Doc. No. 1 at ¶ 53.)  As an initial matter, plaintiffs allege that plaintiff Gust published the Gust Book in 1994, which "is registered . . . with a US Copyright number TXu000632984 / 1994-05-12."  (Doc. No. 1 at ¶ 46.)

      However, plaintiffs have not alleged facts indicating that an original work, or constituent part of an original work produced by plaintiffs, was copied by defendants.  First, plaintiffs do not allege any facts suggesting that there was a direct copying by the moving defendants.  Accordingly, plaintiffs must allege that the moving defendants had access to plaintiffs' work and that the two works share similarities probative of copying.  *See Led Zeppelin*, 952 F.3d at 1064.  Although plaintiffs have sufficiently alleged that the moving defendants had access to the Gust Book, (*see* Doc. No. 1 at ¶¶ 17, 19, 21, 29, 31), they have not sufficiently alleged facts suggesting that the moving defendants' treatment documents and portions of the Gust Book share similarities that are probative of copying.  Plaintiffs' allegations on this point read, in their entirety, "defendants have copied portions of this Book and have used and published copies of portions of this book including copying and using treatment documents with clients . . . ."  (Doc. No. 1 at ¶ 53.)  Plaintiffs have failed to allege any details regarding which treatment documents and portions of the Gust Book were purportedly copied; instead, they merely recite one of the elements of a copyright infringement claim.  This failure to allege any factual details renders plaintiffs' allegations conclusory.  *See, e.g.*, *Whitehead v. Netflix, Inc.*, No. 22-cv-04049-CRB, 2022 WL 17342602, at *15 (N.D. Cal. Nov. 30, 2022) (finding that allegations that a television show and a novel had similar "plots and obstacles" were "conclusory because [the plaintiff] does not provide any facts detailing *how* the plots or obstacles in the works are similar").

/////

1    For similar reasons, the court concludes that plaintiffs have failed to allege that the

2    moving defendants unlawfully appropriated the plaintiffs' work.  The court cannot draw a

3    reasonable inference of substantial similarity under the extrinsic test, which requires more

4    detailed allegations than for probative similarity, given the paucity of plaintiffs' allegations.  *See,*

5    *e.g.*, *Love v. Nuclear Blast America, Inc.*, No. 20-cv-00124-PSG-KK, 2020 WL 4805471, at *3

6    (C.D. Cal. Apr. 16, 2020) (holding that "one line in the complaint" alleging that "the material

7    performed on [the defendant's song] was pulled directly from [the plaintiff's] compositions

8    virtually verbatim" is "insufficient to support a reasonable inference of substantial similarity

9    because Plaintiff does not plead any factual similarities"); *Evans v. McCoy-Harris*, No. 17-cv-

10   08345-DMG-AGR, 2019 WL 1002512, at *3 (C.D. Cal. Jan. 4, 2019) (holding that allegations

11   that the defendants' work "contains 'portions' of [the plaintiff's] screenplays" are "conclusory

12   statements [that] do not satisfy *Iqbal*'s pleading standard").

13   Accordingly, the motion to dismiss plaintiffs' copyright infringement claim against the

14   moving defendants arising from copying portions of the Gust Book and treatment documents will

15   be granted.

16       2.   <u>The DVD</u>

17   In their complaint, plaintiffs also allege that defendant RHCS alone "markets on a website

18   called the 'Recovery Bookstore' (www.recoverybookstore.com) and is apparently selling a DVD

19   and booklet called 'Treating Adolescents:  The Addiction to Intoxication.'"  (Doc. No. 1 at ¶ 54.)

20   Plaintiffs further allege that Mr. Daily, the "presenter" of the DVD, copied Appendices D and E

21   from the Gust Book and used them in the video being sold by defendant RHCS.  (*Id.*)  Plaintiffs

22   allege that these appendices contain "the core of the intervention phase of the Gust model."  (*Id.*)

23   As described above, plaintiffs have sufficiently alleged that plaintiff Gust is the owner of a

24   copyright for the Gust Book and that the moving defendants had access to the Gust Book.  As

25   such, the court need only determine whether plaintiffs had sufficiently alleged probative

26   similarity between the topics listed in the DVD and in the appendices of the Gust Book.

27   "To prove copying, the similarities between the two works need not be extensive"; rather,

28   "[t]hey just need to be similarities one would not expect to arise if the two works had been

18

1    created independently." *Rentmeester*, 883 F.3d at 1117.  Plaintiffs allege in their complaint that

2    the Gust Book "describes the main topics explored in [the Gust] process as, 'School, Family

3    Relationship, Motivation, Legal Issues, Friendship and Social life, Employment, Finances,

4    Physical health, self image/self respect/emotions, Additional examples'" [sic].  (Doc. No. 1 at

5    ¶ 54.)  Plaintiffs also allege that at a certain point in the moving defendants' DVD, Mr. Daily

6    presents a slide that reads "'self inventory:  where to explore in the process'" and lists the

7    following categories:  "'Family, Money, School, Sports, Legal Issue, Health, Mental Health,

8    Friends, Self, Spirituality, Sexuality, Additional Examples.'"  (*Id.*)  These factual allegations,

9    which show significant overlap, allow the court to draw a reasonable inference that the topics

10   discussed in the Gust Book and the topics presented in the DVD were not created independently.

11          In addition, the court must determine whether plaintiffs have plausibly alleged unlawful

12   appropriation under the extrinsic test.  *See Led Zeppelin*, 952 F.3d at 1064.  The Ninth Circuit has

13   noted that "[w]e do not have a well-defined standard for assessing when similarity in selection

14   and arrangement becomes substantial or striking, and in truth no hard-and-fast rule could be

15   devised to guide determinations that will necessarily turn on the unique facts of each case."

16   *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 936, 953 (9th Cir. 2019) (internal

17   quotations omitted).  Relatedly, "ruling as a matter of law at the pleading stage . . . is not highly

18   favored on questions of substantial similarity" and "is warranted only if, as a matter of law[,] the

19   similarities between the works are . . . de minimis."  *Zindel as Tr. for David Zindel Tr. v. Fox

20   Searchlight Pictures, Inc.*, 815 Fed. App'x. 158, 159 (9th Cir. 2020).[5]  Here, plaintiffs have

21   alleged objective similarities between the two lists.  Specifically, plaintiffs have alleged that each

22   list includes the topics of family, school, legal issues, friends, money, physical health, the self,

23   and the phrase "Additional Examples."  (Doc. No. 1 at ¶ 54.)  The court notes two unusual

24   features in particular, namely that both lists end with the precise phrase "Additional Examples"

25   and lack the word "and," which typically precedes the final item in a list.  These similarities and

26   unusual features are not *de minimis* and permit the court to draw the reasonable inference that the

27

28   [5]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  two lists are substantially similar under the extrinsic test. The court need not engage in the

2  application of the intrinsic test in considering a motion to dismiss.  *See Advanta-STAR*, 2023 WL

3  3366534, at *5.

4      Accordingly, the motion to dismiss plaintiffs' copyright infringement claim brought

5  against defendant RHCS arising from the DVD will be denied.

6      3.      The Brochure

7      Finally, plaintiffs allege that the Gust Book describes "the six stages of recovery from

8  chemical problems . . . Recognition, Admission, Petition, Acceptance, Volition, Conversion," and

9  that the moving defendants' "brochure" lists an "identical six stages of recovery:  'Recognition,

10  Admission, Petition, Acceptance, Volition, Conversion.'"  (Doc. No. 1 at ¶ 55.)

11      As discussed above, plaintiffs have alleged the first element of a copyright claim,

12  ownership of a copyright in the Gust Book.  Plaintiffs have also sufficiently alleged copying

13  because the moving defendants had access to the Gust Book and the allegations of reproducing

14  verbatim the six stages of recovery suffice for probative similarity, as it is certainly plausible that

15  the two works were not created independently.  Moreover, the alleged verbatim reproduction is

16  more than *de minimis* similarity.  Thus, plaintiffs have met their pleading burden for the extrinsic

17  test and have sufficiently alleged unlawful appropriation.  *See Zindel*, 815 Fed. App'x. at 159.  As

18  such, these factual allegations are sufficient to plausibly allege a copyright infringement claim.

19      Accordingly, the motion to dismiss plaintiffs' copyright infringement claim brought

20  against the moving defendants arising from the brochure will be denied.

21  **C.    Leave to Amend**

22      Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ.

23  P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring

24  amendments to pleadings."  *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).

25  Reasons "such as undue delay, bad faith or dilatory motive . . .  repeated failure to cure

26  deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of

27  leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A district court "should grant leave

28  to amend even if no request to amend the pleading was made, unless it determines that the

1   pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss*, 911 F.2d at

2   247.

3          Plaintiffs will be granted leave to amend their complaint because it is not clear that

4   amendment would be futile, at least as to the moving defendant's arguments of pleading

5   deficiencies which the court has found to be persuasive.  Rather, it may be possible for plaintiffs

6   to cure those pleading deficiencies by the allegation of other or additional facts in support of their

7   false advertising and copyright infringement claims.  However, as discussed above, if plaintiffs

8   file an amended complaint, the court suggests they be prepared to address whether their false

9   advertising claims are cognizable under the Lanham Act in light of the decisions in *Dastar* and

10  *Sybersound*.

11                                    **CONCLUSION**

12         For the reasons explained above,

13  1.      The moving defendants' motion to dismiss (Doc. No. 9) will be granted in part and

14          denied in part as follows:

15          a.      Plaintiffs' false advertising claim brought against the moving defendants

16                  predicated on Statements 1, 4, 5, 6, and 7 is dismissed with leave to amend;

17          b.      The moving defendants' motion to dismiss plaintiffs' false advertising

18                  claim brought against the moving defendants predicated on Statements 2

19                  and 3 is denied;

20          c.      Plaintiffs copyright infringement claim brought against the moving

21                  defendants predicated on portions of the Gust Book and its treatment

22                  documents is dismissed with leave to amend; and

23          d.      The moving defendants' motion to dismiss plaintiffs' copyright

24                  infringement claim brought against defendant RHCS predicated on the

25                  DVD is denied;

26          e.      The moving defendants' motion to dismiss plaintiffs' copyright

27                  infringement claim brought against the moving defendants predicated on

28                  the brochure is denied;

21

2.   Within twenty-one (21) days from the date of entry of this order, plaintiffs shall file either a first amended complaint, or a notice of their intent not to file a first amended complaint and to proceed only on the claims found to be cognizable in this order.

IT IS SO ORDERED.

Dated:   **November 1, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

22