UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW DIRECTIONS PROGRAM, et al., | No. 2:22-cv-01090-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER DENYING THE MOVING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |
| SIERRA HEALTH AND WELLNESS CENTERS LLC, et al., | |
| Defendants. | (Doc. No. 25) |

This matter is before the court on the motion to dismiss filed by defendants Sierra Health and Wellness Centers LLC, Sierra Health and Wellness Group LLC, and Recovery Happens Counseling Services, Inc. (collectively, the "moving defendants") on February 1, 2024. (Doc. No. 25.) On February 22, 2024, the pending motion was taken under submission on the papers. (Doc. No. 27.) For the reasons explained below, the pending motion to dismiss will be denied.

**BACKGROUND**

On November 1, 2023, the court issued an order granting in part and denying in part defendants' motion to dismiss plaintiffs' original complaint, with leave to amend. (Doc. No. 19.) On December 18, 2023, plaintiffs David Gust and New Directions Program filed the operative first amended complaint ("FAC"), asserting claims for false advertising and copyright

/////

1

1  infringement against the moving defendants and defendant Angela Chanter.  (Doc. No. 24.)  In
2  their FAC, plaintiffs allege the following.
3     Plaintiff Gust is the "principal and owner" of plaintiff New Directions Program and "has
4  been an expert in the field of treatment of addi[c]tion and intoxication for decades." (*Id.* at ¶ 2.)
5  In the early 1980s, plaintiff Gust "developed an outpatient treatment model based on the principle
6  of addiction as [a] pathological relationship to intoxication rather than a preference [for] a
7  specific drug." (*Id.* at ¶ 10.)  Plaintiff Gust "has published writings, authored books and made
8  presentations regarding the 'Gust model' for decades." (*Id.* at ¶ 11.)
9     One of plaintiff Gust's students was Jon Daily, the founder of defendant Recovery
10  Happens Counseling Services Inc. ("RHCS"). (*Id.*)  Daily considered plaintiff Gust "a close
11  colleague, mentor, and friend . . . ." (*Id.* at ¶ 17.)  After Daily passed away, his wife, defendant
12  Chanter, became "the principal" of defendant RHCS.  (*Id.* at ¶ 13.)  "[A]t some point in time,"
13  defendants Sierra Health and Wellness Centers LLC and Sierra Health and Wellness Group LLC
14  (collectively, "Sierra") "purchased or acquired . . . the assets of" defendant RHCS.  (*Id.* at ¶ 3.)
15  Defendant RHCS "the corporate entity was dissolved" in 2020.  (*Id.* at ¶ 4.)  However, the Sierra
16  defendants are now "doing business in the name of 'Recovery Happens' as well as in the name
17  'New Start Recovery Solutions.'" (*Id.* at ¶ 3.)  Jon Daily "located his business Recovery Happens
18  in the same building as Gust in Fair Oaks," a suburb outside Sacramento.  (*Id.* at ¶ 27.)
19     Plaintiffs allege that defendants engaged in false advertising through statements made on
20  Facebook and on the moving defendants' websites regarding the Gust model, including by falsely
21  claiming that Daily created the Gust model and that defendants employ the Daily/Gust model in
22  their treatment services.  (*Id.* at ¶¶ 12, 15.)  In their FAC, plaintiffs identify four specific
23  statements made by defendants that plaintiffs assert constitute false advertising, each of which the
24  court will address in further factual detail below in resolving the pending motion to dismiss.  (*See*
25  *id.* at ¶¶ 15–23.)
26     Plaintiffs allege that plaintiff Gust authored a book in 1994 entitled "Effective Outpatient
27  Treatment for Adolescents:  Principles, Practices, and a Program model for Working with
28  Adolescents Experiencing Alcohol and Other Drug Related Problems" ("Gust Book") that "is

registered . . . with a US Copyright number TXu000632984 / 1994-05-12." (*Id.* at ¶ 36.) Plaintiffs allege the following regarding three instances of copyright infringement by defendants with respect to the Gust Book. First, defendants RHCS and Chanter copied treatment documents from the Gust Book, including Appendices A through G, I, J, K and N, and provided these treatment documents to their own clients. (*Id.* at ¶¶ 39, 42.) Plaintiff Gust has seen "specific exact copies" of treatment documents. (*Id.* at ¶ 39.) Second, defendant RHCS markets and sells a DVD and booklet called "'Treating Adolescents: The Addiction to Intoxication'" "on a website called the 'Recovery Bookstore.'" (*Id.* at ¶ 43.) Daily, who is the "presenter" on the DVD, copied Appendices D and E from the Gust Book and then used them in that recorded presentation. (*Id.*) These copied appendices contain "the core of the intervention phase of the Gust model." (*Id.*) Third and finally, the Gust Book was copied in a brochure offered by the moving defendants. (*Id.* at ¶ 44.) The brochure lists "six stages of recovery from chemical problems" that are identical to those described in the Gust Book: The brochure and Gust Book each describe the six stages as "Recognition, Admission, Petition, Acceptance, Volition, Conversion." (*Id.*)

Based on the foregoing, plaintiffs assert two claims against defendants: (1) false advertising in violation of 15 U.S.C. § 1125(a) ("the Lanham Act") with respect to each of the four statements plaintiffs have identified in their FAC; and (2) copyright infringement in violation of 17 U.S.C. § 501 with respect to the Gust Book. (Doc. No. 24 at 1.)

The moving defendants filed the pending motion to dismiss on February 1, 2024. (Doc. No. 25.) In moving to dismiss, defendants argue that plaintiffs have failed to sufficiently allege facts to state plausible claims. (Doc. No. 25-1.) Specifically, the moving defendants argue that plaintiffs have failed to plead their false advertising claim with the particularity required by Federal Rule of Civil Procedure 9(b), to sufficiently allege falsity, and to sufficiently allege deception and materiality, which are all required to state a cognizable claim of false advertising under the Lanham Act sounding in fraud. (*Id.* at 7–12.) Similarly, the moving defendants argue that plaintiffs have not alleged sufficient facts in support of their copyright infringement claims.

/////

/////

(*Id.* at 12–14.)[1] Plaintiffs filed their opposition to the pending motion on February 12, 2024. (Doc. No. 26.) Defendants filed their reply thereto on February 26, 2024. (Doc. No. 28.)

## LEGAL STANDARD

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not

---

[1] The moving defendants have also copied verbatim their argument first raised in their motion to dismiss plaintiffs' original complaint that plaintiffs have failed to allege sufficient facts in support of their request for a preliminary injunction. (*Compare* Doc. No. 9-1 at 9–10 *with* Doc. No. 25-1 at 13–14.) As was the case in their original complaint, plaintiffs have requested injunctive relief only as part of their FAC's prayer for relief. (*See* Doc. No. 24 at 13.) As was also the case the first time the moving defendants advanced this argument, plaintiffs have not yet filed a motion for a preliminary injunction. Accordingly, once again, the argument will not be considered at this time. The court further notes that the majority of the moving defendants' arguments are copied from their prior motion to dismiss, even though the court has already addressed, and largely rejected, these arguments in its prior order. The court also notes that the pending motion to dismiss is directed against plaintiffs' entire FAC, despite the fact that several of plaintiffs' claims asserted in the FAC are identical to those asserted in plaintiffs' original complaint, and despite the fact that the court denied the moving defendants' prior motion to dismiss plaintiffs' claims based on identical allegations. The Eastern District of California's overwhelming caseload has been well publicized, and the long-standing lack of adequate judicial resources in this district long ago reached crisis proportions. The court urges the parties to read its prior orders before filing motions and not to waste the scarce resources of this court.

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

In resolving the moving defendants' pending motion to dismiss, the court will first address plaintiffs' false advertising claim, which is predicated on four allegedly false or misleading statements. The court will then turn to plaintiffs' copyright infringement claim, which is based on three instances of alleged copyright infringement.

**A.      False Advertising Claim**

Plaintiffs allege that the moving defendants or their agents published four distinct false statements in violation of the Lanham Act, 15 U.S.C. § 1125(a). (Doc. No. 24 at ¶¶ 15–23.)

       1.      <u>Legal Standards</u>

When a plaintiff alleges that defendants have "made numerous misleading and false representations" in violation of the Lanham Act and that the defendants' "conduct was (and continues to be) knowing and intentional," the plaintiff's claims "sound in fraud and must meet the heightened pleading requirements of Rule 9(b)." *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017–18 (C.D. Cal. 2012); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("When an entire complaint, or an entire claim within a

5

1  complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading
2  requirements of Rule 9(b), a district court may dismiss the complaint or claim.") (citing *Bly-*
3  *Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)); *Gopher Media LLC v. Modern Doc Media*,
4  No. 22-cv-00131-TWR-DDL, 2023 WL 350531, at *6 (S.D. Cal. Jan. 20, 2023) ("While the
5  Ninth Circuit has not decided whether the heightened pleading standard of Federal Rule of Civil
6  Procedure 9(b) applies to Lanham Act claims, the majority of district courts in this Circuit apply
7  Rule 9(b) to claims that are grounded in fraud, such as false advertising claims arising under the
8  Lanham Act.").

9  Here, plaintiffs allege that the moving defendants "know that their representations of fact
10 are false or misleading" and that the moving defendants' "false or misleading representations of
11 fact were done with bad faith or malice." (Doc. No. 24 at ¶¶ 31–32.)  Thus, plaintiffs' false
12 advertising claim sounds in fraud.  To survive the pending motion to dismiss their Lanham Act
13 claim, plaintiffs must therefore meet the heightened pleading requirements of Federal Rule of
14 Civil Procedure 9(b).  *See* Fed. R. Civ. P. 9(b).

15 Under Rule 9(b), the "circumstances constituting the alleged fraud [must] be specific
16 enough to give defendants notice of the particular misconduct . . . so that they can defend against
17 the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*,
18 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted) (citing *Bly-Magee*, 236 F.3d at
19 1019).  "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily
20 constitute fraud (even if the word fraud is not used)." *Id.* (internal quotations omitted).  To satisfy
21 the particularity standard of Rule 9(b), "a pleading must identify the who, what, when, where, and
22 how of the misconduct charged, as well as what is false or misleading about the purportedly
23 fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019
24 (9th Cir. 2020) (quotations omitted) (quoting *Davidson v. Kimberley-Clark Corp.*, 889 F.3d 956,
25 964 (9th Cir. 2018)).

26 "To state a claim for false advertising under Section 43(a) of the Lanham Act [15 U.S.C.
27 § 1125(a)], [the plaintiff must] allege that (1) [the defendant] made a false statement of fact in a
28 commercial advertisement; (2) the statement deceived or had the tendency to deceive a substantial

segment of its audience; (3) the deception was material, in that it was likely to influence the purchasing decision; (4) the false statement entered interstate commerce; and (5) [the plaintiff] has been or is likely to be injured as a result of the false statement." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)). "To show falsity under the Lanham Act, a plaintiff must allege that 'the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers.'" *Id.* (quoting *Southland*, 108 F.3d at 1139). "Statements of opinion and puffery, however, are not actionable." *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1121 (9th Cir. 2021).

Below, the court turns to each of the four statements which serve as the basis for plaintiffs' false advertising claim in violation of the Lanham Act, 15 U.S.C. § 1125(a) and to determining whether the factual allegations of plaintiffs' FAC as to each are sufficient to satisfy the heightened pleading requirements of Rule 9(b).

    1.    <u>Statement 1</u>

In their FAC, plaintiffs quote from an alleged Facebook post by defendant Chanter, acting "as an employee, officer, or agent" of the moving defendants, which states:

> We are so excited to share the news that Sierra Health and Wellness, purchased Recovery Happens. Jon Daily's legacy will continue as they will keep all of their intensive outpatient program with the name Recovery Happens and his model of care.

(Doc. No. 24 at ¶ 16.) Plaintiffs allege that this statement is false because "Jon Daily had no model of care." (*Id.* at ¶ 17.) Rather, plaintiffs quote a passage from "page 197 of Jon Daily's self-published book" that states "[f]or the intervention component of treatment, in our outpatient services at Recovery Happens . . . my colleagues and I use a program drawn from Effective Outpatient Treatment for Adolescences [sic], written by David Gust . . . . David Gust, a close colleague, mentor, and friend, has used and taught this model since the mid-1980s." Plaintiffs allege that Statement 1 is also false because, regardless of whether the "model" in question is the Gust model or Daily model, defendants never implemented that model after the acquisition of

/////

7

1  defendant RHCS.  (*Id.*)[2]  Finally, plaintiffs allege that defendant Chanter made this statement on
2  November 17, 2020.  (*Id.*)

   a.     *Rule 9(b) Particularity*

Despite plaintiffs supplying the single factual allegation that the court concluded was missing in its prior order, namely the "when" (*see* Doc. No. 19 at 7–8), the moving defendants argue that plaintiffs' allegations regarding Statement 1 lack the specificity required by Rule 9(b). (Doc. No. 25 at 4.)  Plaintiffs have sufficiently alleged the who (defendant Chanter, as an employee, officer, or agent of the moving defendants), the what (the statement reproduced verbatim in the FAC), the where (Facebook), and how the statement is false (allegedly, because Daily copied plaintiff Gust's model of care and because defendants never used that model). Plaintiffs have now also alleged "when" the statement was published (November 17, 2020), thereby remedying the deficiency noted by the court in its prior order  (*see* Doc. No. 19 at 7–8). Accordingly, plaintiffs have now alleged the false statement with the particularity required by Rule 9(b).  *See Moore*, 966 F.3d at 1019.

   b.     *Deception and Materiality*

The moving defendants also argue that plaintiffs have failed to sufficiently allege facts supporting two elements of a Lanham Act claim—namely, deception and materiality.  (Doc. No. 25-1 at 10–12.)

A statement is deceptive if it "deceived or had the tendency to deceive a substantial segment of its audience." *Enigma*, 69 F.4th at 671 (quoting *Southland*, 108 F.3d at 1139). Taking plaintiffs' allegations as true, the reasonable inference can be drawn that Jon Daily had no model of care and instead copied plaintiff Gust's model in its entirety, and that defendants thereafter did not implement the Gust/Daily model.  Moreover, it can be reasonably inferred from the allegations of the FAC that consumers would believe Statement 1 after reading it, i.e., a consumer reading Statement 1 would have no reason to doubt that Daily did in fact have a model

---

[2]  Defendants appear to agree that they never implemented any Gust/Daily model.  (*See* Doc. No. 25-1 at 11) ("Defendant Sierra Health and Wellness Centers did not acquire, and has never implemented[,] Recovery Happens' treatment model, whether developed by Gust or otherwise.").

8

1   of care and that defendants were implementing it.  It is therefore facially plausible that
2   Statement 1 has "the tendency to deceive a substantial segment of its audience." *Enigma*, 69
3   F.4th at 671.
4      "A statement is material if it is 'likely to influence the purchasing decision.'" *ThermoLife*
5   *Int'l, LLC v. Gaspari Nutrition Inc.*, 648 F. App'x 609, 615 (9th Cir. 2016)[3] (quoting *Cook,*
6   *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990)).
7   Plaintiffs allege that "the public and treatment professionals in Northern California" know of
8   Daily, that Daily was well-regarded enough in the field to write an article for "Counselor"
9   magazine in 2015, and that defendants are "align[ing] themselves with the creation of a model so
10  that they can induce clients to hire them." (Doc. No. 24 at ¶¶ 18–20.)  Moreover, plaintiffs allege
11  that defendants are located in the same building as plaintiffs in Fair Oaks, so even minor
12  perceived differences between the two practices could plausibly influence consumers' decisions.
13  (Doc. No. 24 at ¶ 27.)  These allegations are a sufficient basis upon which to plausibly assert that
14  Statement 1 is likely to influence consumers' purchasing decisions, particularly given the nature
15  of the product—a philosophy-driven addiction treatment program in Fair Oaks—being sold.  *See*
16  *ThermoLife*, 648 F. App'x at 615; (*see also* Doc. No. 19 at 10.)
17      Accordingly, the motion to dismiss plaintiffs' false advertising claim brought against the
18  moving defendants arising from Statement 1 will be denied.
19      2.   Statement 2
20      In their FAC, plaintiffs allege that on the websites
21  "recoveryhappenscounselingservices.com, sierrahealthwellnesscenters.com, [and]
22  newstartrecoverysolutions.com" ("the Websites"), the moving defendants state that "Sierra Health
23  and Wellness and New Start Recovery Solutions are proud . . . to offer the compassionate,
24  insightful and whole person outpatient addiction treatment philosophy founded by Jon Daily."
25  (Doc. No. 24 at ¶¶ 15, 22.)  Plaintiffs allege this statement is false because the treatment
26  philosophy the moving defendants are referencing "was not 'founded' by Daily; it originated with

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

9

David Gust." (*Id.* at ¶ 22.) Moreover, plaintiffs allege, this statement is false because defendants never implemented any treatment philosophy founded by either Daily or Gust. (*Id.*)

In its prior order, the court denied the moving defendants' previous motion to dismiss plaintiffs' false advertising claim arising from Statement 2. Plaintiffs' allegations in the FAC regarding Statement 2 are identical in all relevant respects to their allegations in the original complaint previously found by the court to be sufficient. (*Compare* Doc. No. 1 at ¶¶ 15, 29 *with* Doc. No. 24 at ¶¶ 15, 22.) The moving defendants offer virtually the same arguments and authority as in their previous motion to dismiss, and the court has rejected these arguments already (*see* Doc. No. 19 at 8–11). The moving defendants provide no basis for the court to revise its conclusions regarding Statement 2.

Accordingly, the moving defendants' motion to dismiss plaintiffs' false advertising claim arising from Statement 2 will be denied.

   3. <u>Statement 3</u>

In their FAC, plaintiffs allege that the Websites, in a section titled "the relevance of Jon Daily," state the following: "'ADDICTION is a PATHOLOGICAL RELATIONSHIP to INTOXICATION.'" (Doc. No. 24 at ¶ 18.) However, plaintiffs allege that plaintiff Gust "developed the concept of 'addiction to intoxication' years before Jon Daily even entered the field" and that Daily had acknowledged this fact when he wrote a 2015 article in Counselor Magazine that plaintiff Gust "was shifting [the industry's] paradigm" in the 1980s by arguing that "when teens are actively using, their primary relationship is to intoxication." (*Id.* at ¶¶ 18–19.) Plaintiffs allege this shows that Daily did not create the concept of addiction as a "pathological relationship" to intoxication, and that it is "false and misleading advertisement to give Daily credit for this concept." (*Id.* at ¶ 18.) Additionally, plaintiffs have added the new allegation in their FAC that defendants never implemented any treatment model based on the "core concept" of "addiction to intoxication," regardless of whether such a model should be attributed to Daily or to plaintiff Gust. (*Id.*)

In its prior order, the court denied the moving defendants' previous motion to dismiss plaintiffs' false advertising claim arising from Statement 3. Plaintiffs' allegations in the FAC

Case 2:22-cv-01090-DAD-JDP   Document 29   Filed 04/09/24   Page 11 of 16

1    regarding Statement 3 are identical in all relevant respects to their allegations in the original
2    complaint which were previously found to be sufficient.  (*Compare* Doc. No. 1 at ¶¶ 18–19 *with*
3    Doc. No. 24 at ¶¶ 18–19.)  The moving defendants offer virtually the same arguments and
4    authority as in their previous motion to dismiss, and the court has rejected these arguments
5    already (*see* Doc. No. 19 at 11–12).  The moving defendants provide no basis for the court to
6    revise its conclusions regarding Statement 3.
7         Accordingly, the moving defendants' motion to dismiss plaintiffs' false advertising claim
8    arising from Statement 3 will be denied.
9              4.      Statement 4
10        Plaintiffs next allege that the Websites state Daily "believed that individuals become
11   addicted to INTOXICATION as a way of dealing with life issues.  If you remove the drug—the
12   individual who is still addicted to intoxication will find another way to get high.  For example, by
13   using another substance or activity such as sex or gambling."  (Doc. No. 24 at ¶ 20.)  Plaintiffs
14   allege these "are all words that David Gust taught for many years" and that "[a]ttribution to Jon
15   Daily is false and misleading . . . ."  (*Id.*)  Plaintiffs also include the new allegation in their FAC
16   that defendants never implemented any Gust/Daily model (*id.* at ¶ 20), and as noted, defendants
17   appear to agree with plaintiffs in this regard (*see* Doc. No. 25-1 at 11).
18        To begin with, plaintiffs have alleged their false advertising claim arising from
19   Statement 4 with particularity, as required by Rule 9(b).  They have alleged the "who" (the
20   moving defendants), the "what" (the quoted statement), the "when" (ongoing), the "where" (the
21   Websites), and the "how" (the statement is false because it attributes ideas to Daily that were in
22   fact conceived by plaintiff Gust, and because it implies that defendants are using the Gust/Daily
23   model when in fact they are not).
24        In its prior order, the court concluded that plaintiffs had failed to sufficiently allege
25   deception because they had failed to allege facts showing that defendants were attributing the
26   creation of the ideas in Statement 4 to Jon Daily.  (*See* Doc. No. 19 at 13.)  Plaintiffs reprise their
27   argument regarding misattribution in their FAC (*see* Doc. No. 24 at ¶ 20), and the court again
28   rejects this argument.

11

However, plaintiffs have added the new allegations in their FAC that Statement 4 is false and misleading because it implies that defendants use the Daily model (which plaintiffs allege is truly the Gust model), when in fact defendants have never implemented the Daily model. (*See* Doc. No. 24 at ¶ 20.) These allegations provide a sufficient basis upon which to plausibly assert that consumers reading Statement 4 would believe that defendants use the treatment model of Jon Daily. Given plaintiffs' new allegation that defendants do not do so, and in light of the moving defendants' seeming concession on this point (*see* Doc. No. 25-1 at 11), the court concludes that plaintiffs have now sufficiently alleged deception as to Statement 4. The court also concludes that plaintiffs have sufficiently alleged materiality for similar reasons as those discussed above regarding Statement 1.

Accordingly, the moving defendants' motion to dismiss plaintiffs' false advertising claim arising from Statement 4 will be denied.

**B.     Copyright Infringement Claim**

To establish a claim for copyright infringement, a plaintiff must allege and ultimately prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The second element of a copyright infringement claim "contains two separate components: 'copying' and 'unlawful appropriation.'" *Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (*en banc*). Under the first component, "a plaintiff must prove that a defendant copied the work." *Id.* However, in the absence of a direct copying by the defendant, "the plaintiff 'can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id.* ("This type of probative or striking similarity shows that the similarities between the two works are due to 'copying rather than . . . coincidence, independent creation, or prior common source.'") (citation omitted).

As to the second component, "the hallmark of 'unlawful appropriation' is that the works share *substantial* similarities." *Id.* (citation omitted). Courts in the Ninth Circuit "use a two-part test to determine whether the defendant's work is substantially similar to the plaintiff's

copyrighted work." *Id.* (citation omitted). This two-part test has an "extrinsic" test and an "intrinsic" test, and the Ninth Circuit recently delineated the differences between the two:

> The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria. The extrinsic test requires . . . breaking the works down into their constituent elements, and comparing those elements for proof of copying as measured by substantial similarity. Because the requirement is one of substantial similarity to protected elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work. The intrinsic test focuses on 'similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance.'

*Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) (citations omitted). However, "[o]nly the extrinsic test's application may be decided by the court as a matter of law"; district courts may not apply the intrinsic test at the motion to dismiss stage. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Led Zeppelin*, 952 F.3d 1051. "[I]n some instances, courts have [also] found themselves unequipped to perform the extrinsic test before the parties are afforded discovery." *Advanta-STAR Auto. Rsch. Corp. of America v. Search Optics, LLC*, 672 F. Supp. 3d 1035, 1047 (S.D. Cal. May 9, 2023).

The moving defendants seek dismissal of plaintiffs' copyright infringement claim, which is predicated on three separately alleged violations: (i) the copying of treatment documents contained within the Gust Book; (ii) the copying of two appendices from the Gust Book that are sold by defendant RHCS with a DVD that includes Daily as the presenter; and (iii) the copying of the six stages of recovery from the Gust Book into a brochure given out by the moving defendants. (Doc. No. 25-1 at 12–14.) Below, the court will address whether plaintiffs have sufficiently alleged facts supporting their three theories of copyright infringement.

       1.     <u>Gust Book Treatment Documents</u>

In their FAC, plaintiffs allege that defendants RHCS and Chanter have copied portions of the Gust Book and copied treatment documents therefrom for use with defendants' clients. (Doc.

/////

/////

No. 24 at ¶ 39, 42.)[4]  As an initial matter, plaintiffs allege that plaintiff Gust published the Gust Book in 1994, which "is registered . . . with a US Copyright number TXu000632984 / 1994-05-12." (*Id.* at ¶ 36.)

In its prior order, the court concluded that plaintiffs had failed to allege facts showing that an original work produced by plaintiffs was copied by defendants. (*See* Doc. No. 19 at 17–18.) While plaintiffs had sufficiently alleged that the moving defendants had access to plaintiffs' work, the court concluded in the prior order that plaintiffs' allegations regarding probative similarities were conclusory. (*See id.*)

Plaintiffs again allege in their FAC sufficient facts to show that defendants had access to the Gust Book. (*See* Doc. No. 24 at ¶¶ 17, 19, 21, 22, 27.) Plaintiffs have also added new allegations in their FAC that allow the court to draw the reasonable inference that the treatment documents share similarities probative of copying. Specifically, plaintiffs allege that plaintiff Gust has seen "exact copies" of treatment documents copied from the Gust Book that defendants have provided to their clients, and that the copied treatment documents include Appendices A through G, I, J, K, and N of the Gust Book. (*Id.* at ¶¶ 39, 42.) Plaintiffs also provide the titles of these appendices. (*Id.* at ¶ 42.) In light of plaintiffs' new allegations in the FAC, the court concludes that the alleged copied treatment documents share similarities probative of copying.

Plaintiffs' new allegations in the FAC also provide a sufficient basis upon which to allege unlawful appropriation. Plaintiffs' allegations that defendants RHCS and Chanter distributed exact copies of specific appendices in the Gust Book are sufficient for the court to draw the reasonable inference that the documents share substantial similarities as required by the extrinsic test. *See Gray*, 28 F.4th at 96.

---

[4] Plaintiffs' allegations in the FAC are ambiguous as to whether the copyright infringement claim arising from the treatment documents is asserted against defendants RHCS and Chanter only or against all defendants. In the pending motion, the moving defendants argue that the claim is asserted only against defendants RHCS and Chanter (*see* Doc. No. 25-1 at 13), and plaintiffs appear to agree with that characterization in their reply (*see* Doc. No. 28 at 15) ("Clearly the First Amended Complaint alleges the copying by Defendants Recovery Happens and Chanter."). Accordingly, the court construes plaintiffs' copyright infringement claim arising from the treatment documents to be asserted only against defendants RHCS and Chanter.

Accordingly, the moving defendants' motion to dismiss plaintiffs' copyright infringement claim asserted against defendant RHCS and arising from the treatment documents will be denied.

### 2. The DVD

In their FAC, plaintiffs allege that defendant RHCS "markets on a website called the 'Recovery Bookstore' (www.recoverybookstore.com) and is apparently selling a DVD and booklet called 'Treating Adolescents: The Addiction to Intoxication.'" (Doc. No. 24 at ¶ 43.) Plaintiffs further allege that Jon Daily, the "presenter" of the DVD, copied Appendices D and E from the Gust Book and used them in the video being sold by defendant RHCS. (*Id.*) Plaintiffs allege that these appendices contain "the core of the intervention phase of the Gust model." (*Id.*)

In its prior order, the court denied the moving defendants' previous motion to dismiss plaintiffs' copyright infringement claim asserted against defendant RHCS arising from the DVD. Plaintiffs' allegations in the FAC regarding the DVD are identical in all relevant respects to their allegations appearing in the original complaint and previously found by the court to be sufficient. (*Compare* Doc. No. 1 at ¶ 54 *with* Doc. No. 24 at ¶ 43.) The moving defendants provide no basis for the court to revise its conclusions regarding plaintiffs' claim.

Accordingly, the moving defendants' motion to dismiss plaintiffs' copyright infringement claim asserted against defendant RHCS and arising from the DVD will be denied.

### 3. The Brochure

Finally, plaintiffs allege that the Gust Book describes "the six stages of recovery from chemical problems . . . Recognition, Admission, Petition, Acceptance, Volition, Conversion," and that the moving defendants' "brochure" lists an "identical six stages of recovery: 'Recognition, Admission, Petition, Acceptance, Volition, Conversion.'" (Doc. No. 24 at ¶ 44.)

In its prior order, the court denied the moving defendants' previous motion to dismiss plaintiffs' copyright infringement claim arising from the brochure. Plaintiffs' allegations in the FAC regarding the brochure are identical in all relevant respects to their allegations in the original complaint and which the court previously found to be sufficient. (*Compare* Doc. No. 1 at ¶ 55 *with* Doc. No. 24 at ¶ 44.) The moving defendants provide no basis for the court to revise its conclusions regarding plaintiffs' claim.

Accordingly, the moving defendants' motion to dismiss plaintiffs' copyright infringement claim arising from the brochure will be denied.

**CONCLUSION**

For the reasons explained above,

1. The moving defendants' motion to dismiss (Doc. No. 25) is denied; and
2. Defendants Sierra Health and Wellness Centers LLC, Sierra Health and Wellness Group LLC, and Recovery Happens Counseling Services Inc. shall file an answer responding to plaintiffs' first amended complaint no later than twenty-one (21) days after the date of entry of this order.

IT IS SO ORDERED.

Dated: __**April 8, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE