UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW DIRECTIONS PROGRAM, et al., | No. 2:22-cv-01090-DAD-JDP |
| Plaintiffs, | |
| v. | FINAL PRETRIAL ORDER |
| SIERRA HEALTH AND WELLNESS CENTERS LLC, et al., | |
| Defendants. | |

On December 3, 2024, the court conducted a final pretrial conference in this case. Attorney Bruce Piontkowski appeared as counsel for plaintiff; attorney Jizell Lopez appeared as counsel for defendants Sierra Health and Wellness Centers LLC, Sierra Health and Wellness Group LLC, and Recovery Happens Counseling Services Inc. (collectively, "the entity defendants"); and attorney John McCardle appeared as counsel for defendant Angela Chanter. Having considered the parties' objections to the tentative pretrial order, the court issues this final pretrial order which will govern the trial of this action.

Plaintiffs David Gust and New Directions Program bring this action against defendants Sierra Health and Wellness Centers LLC, Sierra Health and Wellness Group LLC (collectively, "the Sierra defendants"), Recovery Happens Counseling Services Inc. ("defendant RHCS"), and Angela Chanter. Plaintiffs assert claims for false advertising under the Lanham Act, 15 U.S.C.

/////

1

§ 1125(a) against the Sierra defendants, and copyright infringement under the Copyright Act, 17 U.S.C. § 501, against defendants Chanter and RHCS.

I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. §§ 1391, 1400.  Venue is not contested.

II.   JURY

All parties waive the right to a jury trial.  (*See* Doc. No. 32 at 2.)

III.   UNDISPUTED FACTS

1.   Plaintiffs and the Sierra Defendants provide, among other things, drug and alcohol treatment services to individuals.

2.   Prior to 2017, Jon Daily operated defendant RHCS in the same building as plaintiffs in Fair Oaks.

3.   In 2017, Daily passed away, and his wife, defendant Chanter, took over defendant RHCS and maintained the same primary business address in Fair Oaks.

4.   After Daily passed away, defendant RHCS was acquired by the Sierra defendants through an asset purchase in 2020.

5.   Among the assets acquired were the physical location of the facility, its contents, and the name Recovery Happens.

6.   On November 17, 2020, defendant Chanter posted the following statement on Facebook:

> I am beginning a new chapter. . . We are so excited to share the news that Sierra Health and Wellness, purchased Recovery Happens.  Jon Daily's legacy will continue as they will keep all of their intensive outpatient program with the name Recovery Happens and his model of care.  I am honored to join Sierra Health and Wellness as their senior clinical director.  I will continue to hold clinical leadership with Recovery Happens as well as New Start Recovery Solutions and future clinical program acquisitions.  Joe Henderson, CEO, has a mission that I know Jon Daily would be proud of.  For all my friends and family, who believed I could get to the place where Recovery Happens would be sought after as a leading program in recovery, I am eternally grateful for your confidence and prayers.  Jon.

/////

7. On or around November 17, 2020, the Sierra defendants posted the following on its website, www.sierrahealthandwellnesscenter.com:

> Jon Daily LCSW, CADAAC II founded the Recovery Happens Counseling Services outpatient programs. He was passionate about helping others break free from chemical dependency . . ' [sic] and their addiction to intoxication His [sic] dedication to this cause was rooted from his own early addiction. Jon's addiction led to time in California Youth Authorities, group home placements, and destructive relational patterns.
>
> Jon was in recovery for over 20 years. He committed himself to helping others reach the same success. Over 10 years ago he opened Recovery Happens Counseling Services. It was an outpatient drug and substance abuse treatment center, specializing in both adolescent and adult treatment.
>
> Jon's advocacy in the Sacramento community, as well as policy work, has brought him to the front lines of his work in the recovery community. He was the recipient of many awards including: Harold Cole Award, Miracle Award, Sacramento Valley Psychological Association Community Award, The Piece of the Puzzle Award, and the CCAPP VIP Award.
>
> Jon Daily became an avid student of the neurobiological processes in the brain associated with addiction as a result of his own recovery from adolescent addiction.
>
> "Addiction is a pathological relationship to *intoxication*."
>
> Based on neurobiology, this statement is a foundational tenet of Jon's addiction recovery philosophy.
>
> He believed that people do not become addicted to a particular drug. He believed that individuals become addicted to intoxication as a way of dealing with life issues. If you remove the drug—the individual who is still addicted to intoxication will find another way to get high. For example, by using another substance or activity such as sex or gambling.
>
> Sierra Health and Wellness Centers and New Start Recovery Solutions are proud and excited to be able to offer the compassionate, insightful, and whole person outpatient addiction treatment philosophy founded by Jon Daily.

IV. DISPUTED FACTUAL ISSUES

1. Whether defendants Sierra Health and Wellness Centers LLC and Sierra Health and Wellness Group LLC acquired and/or implemented the treatment model of Jon Daily.

/////

      2.      Whether the entity defendants are an outpatient drug and alcohol treatment facility duly licensed by the Department of Health Care and Services ("DHCS").

      3.      Whether the entity defendants are required by DHCS to maintain the American Society of Addiction Medicine treatment criteria, or an equivalent evidence-based standard, with respect to the level of care provided to participants in their program.

      4.      Whether the entity defendants utilize an evidence-based treatment model and do not, in any manner or form, utilize the so-called "Gust Model" in providing their rehabilitation services.

      5.      Whether the "Gust Model" is not evidence-based, but is rather a holistic treatment philosophy.

      6.      Whether the entity defendants would be required to substantially lower their standard of care, thereby rendering their programs non-compliant with DHCS regulations, in order to follow the "Gust Model."

      7.      Whether Jon Daily and plaintiff Gust are not closely associated in the minds of the public in Northern California.

      8.      Whether there is an expectation amongst treatment professionals that the rigorous procedures described by plaintiff Gust for his model would be followed, particularly amongst the Sierra defendants.

V.      <u>DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE</u>

      The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties do not currently anticipate filing any motions *in limine*. Any motions *in limine* counsel elects to file shall be filed no later than **January 14, 2025**. Oppositions shall be filed no later than **January 21, 2025** and any replies shall be filed no later than **January 24, 2025**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

/////

4

VI.    SPECIAL FACTUAL INFORMATION

Not applicable.

VII.    RELIEF SOUGHT

    1.    Plaintiffs seek injunctive relief to stop alleged false advertising and copyright infringement.

    2.    Plaintiffs seek damages including lost profits and statutory damages.

VIII.    POINTS OF LAW

The claims and defenses asserted in this action arise under federal law. Plaintiffs assert claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a) against the Sierra defendants, and copyright infringement under the Copyright Act, 17 U.S.C. § 501, against defendants Chanter and RHCS.[1]

    1.    The elements of, standards for, and burden of proof in a claim for false advertising in violation of 15 U.S.C. § 1125(a).

    2.    The elements of, standards for, and burden of proof in a claim for copyright infringement in violation of 17 U.S.C. § 501.

    3.    The elements of, standards for, and burden of proof in an affirmative defense that each of plaintiffs' claims fails to state a claim upon which relief can be granted.

    4.    The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs' claims are barred by the applicable statute of limitations.

    5.    The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs by their acts and/or omissions have authorized and encouraged the acts and/or omissions of defendants as described in the first amended complaint ("FAC"), and have therefore waived the right to seek equitable relief and/or damages as a result of said alleged acts and/or omissions, barring any recovery by plaintiffs.

---

[1] Defendant Chanter has not filed an answer to plaintiffs' first amended complaint on the docket of this case. Accordingly, the court deems defendant Chanter's answer to plaintiffs' original complaint to be considered defendant Chanter's answer to plaintiffs' first amended complaint, as discussed at the pretrial conference and in the court's tentative pretrial order.

6. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs by their acts and/or omissions induced defendants to act to their detriment thereon and are, therefore, barred by the doctrine of estoppel from asserting any claim set forth in the FAC.

7. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs have unreasonably delayed in the assertion of rights set forth in the FAC, and therefore are barred from asserting any claim set forth in the FAC by the doctrine of laches.

8. The elements of, standards for, and burden of proof in an affirmative defense that any recovery of damages by plaintiffs is barred, in whole or in part, by the applicable statutes of limitations including, without limitation, as set forth in 17 U.S.C. § 507, and as set forth in California Civil Code §§ 337–39.

9. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs' claims are barred by the fair use doctrine set forth in 17 U.S.C § 107.

10. The elements of, standards for, and burden of proof in an affirmative defense that the acts and/or omissions of defendants as alleged in the FAC, constituted innocent non-infringing conduct, and was not a willful infringement of copyright.

11. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs have engaged in one or more acts that constitute a misuse of their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act.

12. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs have abandoned or forfeited the copyright(s) described in the FAC.

13. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs cannot assert a copyright in some or all of the materials described in the FAC including but not limited to ideas, descriptive phrases, concepts, principles, or discoveries.

/////

6

14. The elements of, standards for, and burden of proof in an affirmative defense that one or more of the plaintiffs granted a non-exclusive license to defendants and/or defendants' predecessor-in-interest, Jon Daily, to use materials described in the FAC.

15. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs' claims are barred by the first sale doctrine as set forth under 17 U.S.C. § 109.

16. The elements of, standards for, and burden of proof in an affirmative defense that damages sought by plaintiffs were the result of and/or contributed to by the wrongful acts and/or omissions of persons or entities other than defendants and, to the extent there is a verdict in favor of either plaintiffs and against defendants, an apportionment of damages according to the pro rata fault of all parties whose acts and/or omissions contributed to the plaintiffs' damages, if any, should be made on a comparative fault basis.

17. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs fail to allege facts constituting a justiciable controversy, because plaintiffs can allege and prove no actual harm caused by the conduct described in the FAC, thus depriving plaintiffs of standing to sue under Article III of the United States Constitution.

18. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs, being of substantially equal economic strength as defendants, have by their acts and/or omissions, engaged in wrongful conduct not compelled by economic pressure, making them at least equally responsible for the harms set forth in the FAC, if any, barring the recovery of damages or the granting of equitable relief by the doctrine of unclean hands.

19. The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs' allegations in their FAC cannot sustain the relief requested inasmuch as

/////

|   |   |   |
|---|---|---|
| 1 |   | plaintiffs initiated, welcomed, consented to, and/or voluntarily participated in all or some of the acts alleged in the FAC. |
| 2 | 20. | The elements of, standards for, and burden of proof in an affirmative defense that plaintiffs have failed to reasonably mitigate damages resulting from the acts and/or omissions of defendants as alleged in the FAC, and that any recovery by plaintiffs must be barred or reduced as a result of said failure. |

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.  <u>ABANDONED ISSUES</u>

1. The fifteenth affirmative defense asserted by the entity defendants that the entity defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unknown, affirmative defenses.

X.  <u>WITNESSES</u>

The parties' joint witnesses shall be those listed in **Attachment A**.

A. **<u>The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:</u>**

   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider

8

whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

(1)   The witness could not reasonably have been discovered prior to the discovery cutoff;

(2)   The court and opposing parties were promptly notified upon discovery of the witness;

(3)   If time permitted, the party proffered the witness for deposition; and

(4)   If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.   EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits are listed in **Attachment B**.  Plaintiffs' exhibits are listed in **Attachment C**.  Defendants' exhibits are listed in **Attachment D**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits shall be filed no later than **14 days before trial**.  The final exhibit binders shall be delivered to the court by **the Thursday before the trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

/////

9

1       A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

          (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

          (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

      B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

          (1)    The exhibits could not reasonably have been discovered earlier;

          (2)    The court and the opposing parties were promptly informed of their existence;

          (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.    <u>DISCOVERY DOCUMENTS</u>

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiffs and defendant Chanter have indicated that they do not intend to use discovery documents at trial.

The entity defendants have indicated the intent to use the following discovery documents at trial:

    1.    The transcript of the deposition of Angela Chanter.

    2.    The transcript of the deposition of Amy Bergie.

/////

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

None.  Discovery and law and motion are closed under the scheduling order issued in this case.

XIV. <u>STIPULATIONS</u>

None.

XV. <u>AMENDMENTS/DISMISSALS</u>

None.

XVI. <u>SETTLEMENT</u>

The assigned magistrate judge, Magistrate Judge Jeremy D. Peterson, has set a settlement conference for January 29, 2025 at 10:00 AM before Magistrate Judge Peterson.  (Doc. No. 36.)

XVII. <u>SEPARATE TRIAL OF ISSUES</u>

None.

XVIII. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

None.

XIX. <u>ATTORNEYS' FEES</u>

The Sierra defendants will seek attorneys' fees pursuant to Local Rule 293.

XX. <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

None.

XXI. <u>MISCELLANEOUS</u>

None.

XXII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

A bench trial is scheduled for **February 4, 2025**, at 9:00 a.m. in Courtroom 4 before the Honorable Dale A. Drozd.  Trial is anticipated to last four (4) court days.  The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

Counsel are directed to contact Pete Buzo, courtroom deputy, at (916) 930-4016, no later than one week prior to trial to ascertain the status of the scheduled trial date.

/////

XXIII. TRIAL BRIEFS

    As noted above, trial briefs are due **7 days before trial**.

    IT IS SO ORDERED.

Dated:   **January 3, 2025**  
                                               DALE A. DROZD  
                                               UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Joint Witness List

1. David Gust, plaintiff
2. Angela Chanter, defendant
3. Shiela Walker
4. Kent Morrison
5. Dr. Claude Arnett
6. Joe Henderson
7. Amy Vergie
8. Curtis Buzanski
9. Julie Lucas, PhD
10. Jeff Henigan

**ATTACHMENT B**

Joint Exhibit List[2]

| Exhibit No. | Description |
|---|---|
| JX – 1. | Copyright registration certification. Library of Congress with a US Copyright number TXu000632984 / 1994-05-12. |
| JX – 2. | Book – First Edition 1994 "Effective Outpatient Treatment for Adolescents: Principles, Practices and a Program Model for Working with Adolescents Experiencing Alcohol and other related problems" By Gust and Smith |
| JX – 3. | Book – Gust and Walker "How to Help Your Child Become Drug Free" 2006. |
| JX – 4. | Brochure New Directions (produced by plaintiffs) |
| JX – 5. | Brochure Recovery Happens Counseling Services Inc. (produced by defendants) |
| JX – 6. | Screen shots from Defendant Sierra Websites including: |
| | a. 2021 Sierrahealthwellnesscenters.com and Recoveryhappenscounselingservices.com and newstartrecoverysolutions.com |
| | b. 2022 Sierrahealthwellnesscenters.com and Recoveryhappenscounselingservices.com and newstartrecoverysolutions.com |
| | c. 2023 Sierrahealthwellnesscenters.com and |

---

[2] Prior to the pretrial conference, defendant Chanter had not filed a pretrial statement including a list of exhibits she intended to use at trial. At the pretrial conference held on December 3, 2024, the court instructed the parties to meet and confer to ensure that exhibits were not listed more than once. This instruction was repeated in the tentative pretrial order. (*See* Doc. No. 35 at 7.) Plaintiffs filed a purported joint exhibit list in their objections to the tentative pretrial order. (Doc. No. 37 at 3–5.) It is unclear whether defendant Chanter participated in any similar meet and confer efforts with the other parties. (*See* Doc. No. 38 at 3) ("Counsel and plaintiff and counsel for Sierra defendants met and conferred for the purposes of designating joint exhibits."). However, defendant Chanter has not filed any objections to the tentative pretrial order. Nor has she filed any response to the objections filed by plaintiffs and the entity defendants. Accordingly, the court will designate the exhibits supplied by plaintiffs as a joint exhibit list.

|         |                                                                                                           |
|---------|-----------------------------------------------------------------------------------------------------------|
|         | Recoveryhappenscounselingservices.com newstartrecoverysolutions.com                                       |
|         | d. 2024 Sierrahealthwellnesscenters.com and Recoveryhappenscounselingservices.com and newstartrecoverysolutions.com |
|         | e. Current Sierrahealthwellnesscenters.com and Recoveryhappenscounselingservices.com and newstartrecoverysolutions.com |
| JX – 7.  | Chanter Employment Agreement with Defendant Sierra                                                        |
| JX – 8.  | Amendment 1 to Asset Purchase Agreement of Recovery Happens                                               |
| JX – 9.  | Asset Purchase Agreement of Recovery Happens                                                              |
| JX – 10. | Recovery Happens Counseling Services Inc. treatment documents                                             |
| JX – 11. | Facebook – Post – November 17, 2020 Chanter posting                                                       |
| JX – 12. | Recovery Happens Counseling Services Inc. brochure "Adolescent and Young Adult Addiction"                 |
| JX – 13. | Recovery Happens Counseling Services Inc. brochure "Outpatient Therapy"                                   |
| JX – 14. | Recovery Happens Counseling Services Inc. Handout from web archive May 2015 "Outpatient Treatment"        |
| JX – 15. | Book – Jon Daily's self-published book entitled "Adolescent and Young Adult Addiction" 2012 Published by Recovery Happens |
| JX – 16. | Article – April 2015 article entitled "We need a Paradigm Shift" in *Counselor* Magazine, by Jon Daily    |
| JX – 17. | The "Recovery Bookstore" (www.recoverybookstore.com) DVD and booklet called "Treating Adolescents: The Addiction to Intoxication". The presenter is Jon Daily and the publisher is identified as Wholehearted Publishing/ Recovery Bookstore. |

**ATTACHMENT C**

Plaintiffs' Exhibit List

1. Sierra's Responses to First Set of Requests for Admissions
2. Book – Second Edition 2006 "Effective Outpatient Treatment for Adolescents: Principles, Practices and a Program Model for Working with Adolescents Experiencing Alcohol and other related problems" By Gust and Smith
3. Recovery Happens Counseling Services Inc. Profit and Loss Statements
4. Sierra Profit and Loss Statements
5. Recovery Happens website achieves [sic] produced by Defendants
6. Recovery Happens treatment documents produced by Defendant RHCS

**ATTACHMENT D**

Defendants' Exhibit List

A. Sierra Health and Wellness Centers treatment documents and models
B. Department of Health Care and Services license
C. Department of Health Care and Services standard of care documentation
D. Pertinent portions of Angela Chanter's Deposition
E. Pertinent portions of Amy Vergie's Deposition
F. Plaintiff David Gust's adolescent treatment documents and models
G. Recovery Happens Policy and Procedure Manual
H. Sierra Defendants' marketing materials
I. Sierra Defendants' Online publications and models
J. Documents related to acquisition of Recovery Happens Counseling Services, Inc.
K. Screenshots of Recovery Happens Counseling Services in the web archive
L. Jon Daily publications prior to Sierra Defendants' 2020 Asset Purchase Agreement